PRODUCERS' OIL COMPANY ET AL. V. JOHN W. STEPHENS ET AL.

Decided November 28, 1906.

**1.—Injunction—Suit Against State—Taxation.**

While it seems that an action against the Comptroller and other State officers to enjoin their proceeding to collect taxes under a statute alleged to be unconstitutional was in effect a suit against the State, and not maintainable without its consent, a ruling to the contrary became immaterial where plaintiffs were denied the injunction sought, and the only recovery awarded was upon defendant's cross action for recovery of the taxes.

**2.—Taxation—Ad Valorem or Occupation.**

The tax of one percent upon the market value of the gross product of oil wells, imposed by section 13 of the Act of April 17, 1905 (the Kennedy Tax Law) was not an ad valorem, but an occupation tax, and the Act was not unconstitutional as violating the provisions securing equality and uniformity of taxation and the assessment and equalization of values in the county in which the property is situated.

**3.—Taxation—Class Legislation.**

Section 13 of the Act of April 17, 1905 (the Kennedy Tax Law), does not violate any of the provisions of the Constitution of the United States in restraint of class legislation, being in the nature of an occupation tax in which the Legislature may single out and classify subjects of taxation, subject only to the requirement that the taxes be equal and uniform upon subjects of the same class.

**4.—Same—Double Taxation.**

An occupation tax upon producers of oil is not illegal double taxation, though measured by the market value of a percentage of their gross annual product and though the property from which it is produced is also subjected to an ad valorem tax based on a valuation of its capacity to produce oil.

**5.—Statute—Tax—When Effective.**

The taxes imposed by the Act of April 17, 1905, became effective from the date of the enactment of the law.

**6.—Taxation—Excessive Penalties—Constitution.**

The penalties imposed by the Act of April 17, 1905 (the Kennedy Tax Law), were excessive, within the meaning of the constitutional prohibition, and not recoverable; but the entire statute was not invalidated thereby, and the tax itself could be recovered by the State.

**7.—Taxation—Injunction—Parties.**

A recovery of taxes by a cross-bill in an action against the officers of

the State to enjoin the collection by them, should be in the name of the State, not of the officers sought to be enjoined.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*A. D. Lipscomb,* for appellants.—Ad valorem taxes imposed as a burden on the mere ownership or enjoyment and control of property, must in Texas conform to four constitutional requirements; they must be at an equal rate in proportion to its value with all other ad valorem property taxes; the rate, except for special purposes, is limited to an amount less than that provided for by the Act in question; the tax, except in · case of nonresidents, must be assessed and paid in the county where the property is situated; and finally, the assessments and renditions must be subjected to some process of equalization of values, the Commissioners' Courts being boards of equalization. Constitution of Texas, art. 8, secs. 1, 9, 11, 18; Bill of Rights, sec. 3.

In all cases of inquiry whether a given tax is to be regarded as a property tax and therefore subject to the constitutional requirements as to equality and the like, or an occupation tax or business tax, not subject to such requirements, but only required to be uniform on the same class of subjects, a decisive test is: Was it intended to be laid ad valorem as a burden on the ownership or enjoyment of property, to be borne by the owner or person in possession merely because of his personal relation thereto, or, on the other hand, was it intended to operate as a burden on business transactions, rendering it at least possible for the payer to recoup himself by increasing his charge for the transactions or business taxed. State v. Stephens, 146 Mo., 662; Mills v. Frazier, 63 Pac. Rep. (Wash.), 642; Chicago v. Collins, 175 Ill., 445; Oliver v. Wash Mills, 11 Allen (Mass.), 267; State v. Switzler, 143 Mo., 287; Ellis v. Frazier, 53 L. R. A., 455.

The trial court erred in upholding section 13, because the same is class legislation and therefore in violation of the Fourteenth Amendment to the Constitution of the United States. Pullman Palace Car Co. v. State, 64 Texas, 274; Hayes v. Missouri, 120 U. S., 68; Kentucky Railroad Tax Cases, 115 U. S., 321; Ex parte McKenna, 126 Cal., 429; Matthews v. Jensen, 21 Utah, 207; Cotting v. Kansas City Stock Yards, 183 U. S., 79; Gulf, C. & S. F. Ry. v. Ellis, 165 U. S., 150; Railroad Tax Cases, 13 Fed. Rep., 723; Exchange Bank v. Hines, 3 Ohio St., 1; Knowlton v. Supervisors, 9 Wis., 410; In re House Bill 120, 9 Colo., 635.

The trial court further erred in upholding said tax on oil produced, because the same is double taxation, the owner being already taxed and paying the tax under existing valid laws for the increased value which deposits of oil and the right and privilege of producing oil therefrom give to his land. One of the recognized modes of taxing land is to measure the tax by the production. Cooley on Taxation, p. 28. In the Income Tax Cases, 157 U. S., a tax on the income from land was held to be a direct tax on the land. See also State v. Austin & N. W. R. R. Co., 94 Texas, 530; Scully v. People, 104 Ill., 349.

Taxing acts are never to be given a retrospective effect, and where the tax is made to accrue periodically, it is deemed to refer to the

earliest named period commencing in the future in the absence of express provisions clearly demonstrating a contrary intent.  Cooley on Taxation, 194.

*Robert V. Davidson,* Attorney General, and *Claude Pollard,* Assistant, for appellees.—This suit is one against the State of Texas.  Thompson v. Baker, 90 Texas, 69; Taylor v. Hall, 71 Texas, 213; Marshall v. Clark, 22 Texas, 23; Houston Tap & B. B. R. Co. v. Randolph, 24 Texas, 343; Auditorial Board v. Arles, 15 Texas, 75; League v. DeYoung, 2 Texas, 500; Treasurer v. Wygall, 46 Texas, 457; Fitts v. McGhee, 172 U. S., 516; Harkreader, Sheriff, v. Wadley, 172 U. S., 148; In re Ayers, 123 U. S., 443; Louisiana v. Jumel, 107 U. S., 711; Antoni v. Greenhow, 107 U. S., 782; Cunningham v. Macon & B. R. R. Co., 109 U. S., 446; Hagood v. Southern, 117 U. S., 52; Ball v. Rutland R. Co., 93 Fed. Rep., 513.

Where constitutional State officers are charged, by general statute law, with the discharge of specific duties relative to a tax thereby prescribed, involving the exercise of discretion upon their part, and are not threatening or intending to commit any wrong or trespass upon the taxpayer or his property, nor to do any act or thing which would fix a lien upon any property of the taxpayer, or cloud upon his title thereto, but, if unrestrained, will merely collect the taxes by said statute prescribed, solely through and at the end of legal proceedings in the courts, a suit by the taxpayer for an injunction restraining such officers from so enforcing the collection of such tax, upon the sole ground that such statute is unconstitutional, is a suit against the State, and should be dismissed by the court without stopping to inquire into the constitutionality of the tax statute.  Same authorities; also, Texas Mex. Ry. Co. v. Jones, 80 Texas, 457; Kimmel v. Wheeler, 22 Texas, 83.

The tax imposed under section 13 of the "Kennedy Bill" is not an ad valorem tax, but an occupation tax.  Const. of Texas, art. 8, secs. 1, 2, 17; Albrecht v. State, 8 Texas Crim. App., 217; Languille v. State, 4 Texas Crim. App., 322, and cases cited; State v. Stephens, 4 Texas. 137; Aulanier v. Governor, 1 Texas. 664; State v. Bock, 9 Texas, 369; Thompson v. State, 17 Texas Crim. App., 258; Texas Banking and Ins. Co. v. State, 42 Texas, 637; Galveston County v. Gorham, 49 Texas, 289; Blessing v. Galveston, 42 Texas, 660; Fahey v. State, 27 Texas Crim. App., 161; Higgins v. Rinker, 47 Texas. 396; Pullman Co. v. State. 64 Texas, 274; Maine v. Grand Trunk Ry., 142 U. S., 217; State Railroad Tax Cases, 92 U. S., 603; State Tax on Railway Gross Receipts, 15 Wall., 284; Nathan v. Louisiana. 8 How., 73; Cooley on Taxation (3d ed.), 1094; Cumberland R. R. Co. v. State, 52 Law. Rep. Ann., 756; Capital City Water Co. v. Board of Revenue. 107 Ala., 303; Kittanning Coal Co. v. Commonwealth, 79 Pa. St., 100; Albertson v. Wallace. 81 N. C., 479; Merriam v. City of New Orleans, 14 La. Ann., 318; Atlanta Building Assn. v. Stewart, 109 Ga., 80; Kentz v. Mobile, 120 Ala., 623.

The taxes prescribed by the Act are equal and uniform upon the same class of subjects within the limit of the authority levying the tax. Const. of Texas, art. 8, sec. 2; Languille v. State, 4 Texas Crim. App., 312; Cooley Const. Lim., 619; Phila. Con. Ins. Co. v. Commonwealth. 98 Pa. St., 48; State v. Phila. Ry. Co., 45 Md., 361; Western U. Tel.

Co. v. State Board, 80 Ala., 273; Goldsmith v. Huntsville, 120 Ala., 182; People v. Coleman, 4 Cal., 46; Wintz v. Girardey, 31 La. Ann., 381.

The provision that "taxation shall be equal and uniform," found in section 1 of article 8 of the Constitution of Texas, does not apply to the tax under consideration, it being an occupation tax. Const. of Texas, art. 8, sec. 2; Thompson v. State, 17 Texas Crim. App., 256; Clark v. Finley, 93 Texas, 179; Albrecht v. State, 8 Texas Crim. App., 216; Languille v. State, 4 Texas Crim. App., 312; Texas Banking and Ins. Co. v. State, 42 Texas, 636; Blessing v. Galveston, 42 Texas, 641; Supreme Lodge v. Johnson, 81 S. W. Rep., 18; Mullinix v. State, 60 S. W. Rep., 768; Brooks v. State, 58 S. W. Rep., 1032; Pullman Palace Car Co. v. State, 64 Texas, 274; Fahey v. State, 27 Texas Crim. App., 146; Ex parte Williams, 31 Texas Crim. App., 262; State Railroad Tax Cases, 92 U. S., 576; Savannah, etc., Ry. v. Savannah, 198 U. S., 392; People v. Commissioners, 105 Am. St. Rep., 693; Armour Packing Co. v. Lacy, 200 U. S., 226; Tiedeman, Limitations, sec. 101, p. 282; Cooley, Const. Limitations, 12, 87, 138; Cooley on Taxation (3d ed.), 261-2, 1095; Burroughs on Taxation, secs. 53-4; McGhee v. State, 92 Ga., 24; Scottish Union Ins. Co. v. Herriott, 109 Iowa, 606; Hodgson v. City of New Orleans, 21 La. Ann., 301; People v. Coleman, 4 Cal., 46, 55; State v. Hammond, 110 La., 186; Lacy v. Packing Co., 134 N. C., 567.

The Act complained of does not place upon oil producers an unjust and arbitrary burden of taxation, denying equal protection of the laws. Languille v. State, 4 Texas Crim. App., 323; Ex parte Williams, 31 Texas Crim. App., 262; Clegg v. State, 42 Texas, 608; Texas Banking and Ins. Co. v. State, 42 Texas, 640; Thompson v. State, 17 Texas Crim. App., 257; McCullough v. Maryland, 4 Wheat., 316; State Tax on Foreign-held Bonds, 15 Wall., 300; Delaware Railroad Tax, 18 Wall., 206; Armour Packing Co. v. Lacy, 200 U. S., 226; Memphis Gas Light Co. v. Shelby Co., 109 U. S., 398; Steamship Co. v. Pennsylvania, 122 U. S., 336; Cooley on Const. Lim., 508; Gibson Co. v. Pullman Car Co., 42 Fed. Rep., 573; State v. Hayne, 4 S. C., 403; People v. Haws, 34 Barb., 69; People v. Mayor of Brooklyn, 4 N. Y., 419; Knoxville R. Co. v. Harris, 99 Tenn., 684; Connecticut M. L. Ins. Co. v. Commonwealth, 133 Mass., 161; Simmons v. State, 12 Mo., 268.

The Act became effective April 17, 1905, and is applicable from that time, and thus enforced it has no retroactive effect. Sutherland v. De Leon, 1 Texas, 250; De Cordova v. Galveston, 4 Texas, 470; Millinger v. Houston, 68 Texas, 37; White v. Martin, 66 Texas, 340; Acts 29th Leg., chap. 148, p. 359; Rev. Stats., art. 5243f, secs. 1, 4, 18; People v. Flager, 36 U. S. (12 Pet.), 185; McLaughlin v. City of Newark, 30 Atl. Rep., 543; Kirk v. Hartman, 63 Pa. St., 106; Brunswick v. Finney, 54 Ga., 323; Western U. Tel. Co. v. Harris, 52 S. W. Rep., 748; State v. Worth, 116 N. C., 1007; Kelly v. Dyer, 7 Lea, 180; State v. Whittelsey, 50 Pac. Rep., 119.

Those portions of the Act complained of which impose penalties are not in violation of any section of the Constitution of the State of Texas. Penal Code of Texas, art. 112; Galveston & W. Ry. Co. v. City of Galveston, 96 Texas, 526; San Antonio v. Raley, 32 S. W. Rep., 183; Thompson v. State, 17 Texas Crim. App., 258; Fahey v. State, 27 Texas Crim. App., 161; De Treville v. Smalls, 98 U. S., 517; Murray's Lessees v.

Improvement Co., 18 How., 282; United States v. Brooklyn City R. Co., 14 Fed. Rep., 284; Slack v. Ray, 26 La. Ann., 674; State v. Hayne, 4 S. C., 403; Ex parte Lynch, 16 S. C., 32; Scott v. Watkins, 22 Ark., 556; Worthen v. Badgett, 32 Ark., 496; People v. Seymour, 16 Cal., 332; In re Guerrero, 69 Cal., 88; Mackey v. San Francisco, 113 Cal., 392; McGhee v. State, 92 Ga., 21; Weaver v. State, 89 Ga., 639; McChesney v. People, 99 Ill., 219; Burlington v. Burlington, etc., R. Co., 41 Iowa, 134; Cedar Rapids & M. R. R. Co. v. Carroll Co., 41 Iowa, 153; Mulligan v. Hintrager, 18 Iowa, 171; St. Louis v. Sternberg, 69 Mo., 303; State v. Moss, 69 Mo., 495; State v. Consol. Va. Min. Co., 16 Nev., 432; Matter of Nichols, 54 New York, 62; People v. Mulholland, 82 N. Y., 324; People v. Horn Silver Mining Co., 105 N. Y., 88; State v. Cohen, 84 N. C., 771; Cousins v. State, 50 Ala., 113; Stewart v. Potts, 49 Miss., 749; Louisville, etc., R. Co. v. Commonwealth, 85 Ky., 198; Potts v. Cooley, 56 Wis., 45; M'Carroll v. Weeks, 5 Hayw. (Tenn.), 246; Myers v. Parks, 8 Heisk. (Tenn.), 550; Nance v. Hopkins, 10 Lea, (Tenn.), 508.

Taxes do not constitute a mere ordinary debt, and the collection of taxes and of penalties incidental thereto is generally held to authorize a resort to legislation more summary and more drastic than would, in case of an ordinary obligation, be deemed due process of law. Penal Code of Texas, art. 115; Rev. Stats., art. 500; Rev. Stats., art. 5232j.

If the penalty prescribed by the Act is a fine or a punishment within the meaning of section 13 of article 1 of the Constitution of Texas, it is not excessive. Languille v. State, 4 Texas Crim. App., 312; City of Marshall v. Snediker. 25 Texas, 470; Galveston & W. Ry. v. Galveston, 96 Texas, 526; Pacific Express Co. v. Siebert, 142 U. S., 339; Western U. Tel. Co. v. Indiana, 165 U. S., 307; Maine v. Grand Trunk Ry., 142 U. S., 217; McCulloch v. Maryland, 4 Wheat., 316; State v. Rodman, 58 Minn., 393; Louisville & Nashville Ry. Co. v. Commonwealth, 85 Ky., 198; McChesney v. People, 99 Ill., 219; Burlington v. Burlington Ry. Co., 41 Iowa, 141; Milligan v. Hintrager, 18 Iowa, 171; State v. Moss, 69 Mo., 495; Scott v. Watkins, 22 Ark., 556; Ex parte Lynch, Trustee, 16 S. C., 32; State v. Hayne, 4 S. C., 403; Nevada v. Mining Co., 16 Nev., 432; State v. Carson Savings Bank, 1 Nev., 165; Myers v. Park, 8 Heisk. (Tenn.), 580; Nance v. Hopkins, 10 Lea, (Tenn.), 511; People v. Horn Silver Mining Co., 105 N. Y., 88; State v. Cohen, 84 N. C., 771; Stewart v. Potts, 49 Miss., 750; Cousins v. State, 50 Ala., 113; St. Louis v. Sternberg, 69 Mo., 30; Weaver v. State, 89 Ga., 639; McGhee v. State, 92 Ga., 21; People v. Seymour, 16 Cal., 362; Mackey v. San Francisco, 113 Cal., 392; Rev. Stats., art. 517; McFadden v. Longham, 58 Texas, 584; Higgins v. Bordages, 22 S. W. Rep., 350; Masterson v. State, 42 S. W. Rep., 1005; Caldwell v. State, 14 Texas Crim. App., 171; McMillen v. Anderson, 95 U. S., 41; Murray's Lessee v. Hoboken Land Imp. Co., 18 How., 282; Brannon on Fourteenth Amendment, pp. 150-1, 320-3; Pomeroy's Constitutional Law (Bennett's ed.), 187-191; Cooley on Taxation (3d ed.), p. 51, et seq.; Cooley on Constitutional Limitations, 506; M'Carrol's Lessee v. Weeks, 5 Hayw. (Tenn.), 246; Wulzen v. Board of Supervisors, 101 Cal., 15.

EIDSON, ASSOCIATE JUSTICE.—This is a case in which were con-

solidated the suits of the Producers Oil Company, the Moonshine Company and the Little Jap Oil Company, against appellees for injunction to restrain them from taking any action looking to the enforcement against appellants of the provisions of chapter 148, Acts of the Twenty-ninth Legislature of the State of Texas, known as the Kennedy Bill. Appellants' petitions assail said Act as being obnoxious to various provisions of the Constitution of this State and that of the United States.

Appellees' answer, insofar as necessary to be stated, contained an exception *in limine,* to the effect that the suits were against the State of Texas, and for that reason, could not legally be maintained; and a cross bill praying for judgment against appellants for the taxes and penalties imposed upon them by said Act of the Legislature. Appellants excepted to appellees' cross action.

The court overruled appellees' exception *in limine,* and sustained appellants' exception to appellees' cross action insofar as it related to penalties, but overruled same as to taxes. The court gave judgment in favor of appellees for the taxes claimed, but refused to render judgment for any penalties. While according to the holding of the Supreme Court in Stephens v. Texas & Pac. Ry Co., 16 Texas Ct. Rep., 918, this suit by appellants was a suit against the State and could not be maintained without its consent, and therefore the action of the court below in overruling appellees' exception *in limine* was error, such action becomes immaterial, in view of the refusal of the court below to grant any relief to appellants under their petition for injunction. The taxes recovered in this suit were only such as are imposed by section 13 of said Act, which is as follows:

"Sec. 13. Every individual, joint stock company, co-partnership or corporation, whether incorporated under the laws of this State, or any State or Territory of the United States or of any foreign country, which owns, controls, manages or leases any oil well within this State, shall, on or before the first day of April of each and every year, and quarterly thereafter, through its superintendent, president, secretary or other authorized agent, or in person or by agent (if said well belongs to or is managed or controlled by any individual) file with the Comptroller a report under oath, showing the total amount of oil produced by each of said parties, during said next preceding quarter, and also its market value. Said oil well companies or individuals owning, controlling or managing oil wells, at the time of filing the required report, shall pay to the Treasurer of the State of Texas one percent on the gross products, as shown by said reports, said amount in money to be fixed at the average market value of said product during the preceding quarter. The receipt of the Treasurer of the State shall be evidence of the payment of such taxes. Should any person, association of persons, the officers or agents of any such persons, association of persons or corporations herein named, fail to make the report provided for in this chapter, for more than thirty days after the termination of any quarter of the year, then he shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than fifty dollars, nor more than one hundred dollars. Each day after said thirty days have expired shall be deemed a separate offense. And in addition thereto, in the event of the failure of the

officers or agents of any such company or corporation to make such report and pay said tax for thirty days after the termination of any quarter of the year, each and every such company or corporation so failing, shall forfeit and pay to the State of .Texas twenty-five dollars for each day said report and payment are delayed, which forfeiture shall be sued for by the Attorney General in the name of the State. For the purpose of suits and prosecutions provided for herein, venue and jurisdiction are hereby conferred upon the courts of Travis County, and service may be had upon any officer or agent of such company or corporation within this State, and such service shall, in all respects, be held legal and valid. The tax provided for in this article shall be in addition to all other taxes levied."

Appellants contend that said section violates the State Constitution as to rate of taxation, equality and uniformity of the tax, assessment of property in the county where situated, and as to equalization of values. This contention is based upon the idea that the tax imposed is an ad valorem tax. In our opinion the tax is not upon the gross products of the oil wells, but upon the occupation of owning, controlling or managing oil wells producing oil; and the amount of the tax is measured by a percentage of the market value of the gross products. (State v. Galveston, H. & S. A. Ry. Co., 16 Texas Ct. Rep., 909.) Nor does said section violate any provision of the United States Constitution, as the Legislature has the authority to single out and make classifications for the purpose of levying occupation taxes; and all that is required in reference to equality and uniformity is that the taxes imposed be equal and uniform upon the same class of subjects, and the section complained of complies with this requirement, as it operates on all oil producers alike. (State v. Galveston. H. & S. A. Ry. Co., supra.) And although this law imposes an occupation tax upon the oil producers who pay an ad valorem tax upon the real estate producing oil, it does not constitute double taxation, not permitted by the law, as it is within the authority of the Legislature to impose an ad valorem tax on the oil producing property of appellants, and an occupation tax for the use of this property in the production of oil. (State v. Galveston, H. & S. A. Ry. Co., supra.)

The Act of the Legislature embracing the section under consideration became effective April 17, 1905, and the court below properly gave it effect from that time. (State v Railway Company, supra.)

The court below did not err in not rendering judgment in favor of the State for the penalties sued for, as the amount of the penalties is sufficiently disproportionate to the amount of the taxes to render the penalties excessive within the meaning of the constitutional provision prohibiting the imposition of excessive fines, which includes penalties. (State v. Railway Company, supra.)

We notice that the judgment in this case is in favor of the defendants who are the Comptroller, Attorney General and Treasurer of the State of Texas and the county attorney of Travis County. The pleadings ask for judgment in favor of the State of Texas, and the law makes the tax a State tax; hence the judgment should be in favor of the State of Texas.

The judgment of the court below will, therefore, be corrected and reformed, so as to recite a recovery by the State of Texas of the amounts

therein stated, instead of a recovery by the defendants of said amounts, and thus corrected and reformed, the judgment will be affirmed.

*Judgment reformed and affirmed.*

Writ of error refused.