Kansas City Life Insurance Company v. Thos. B. Love, Commissioner of Insurance.

No. 1852. Decided April 29, 1908.

**1.—Taxation—Insurance Company—Deposit of Securities.**

The reduction of the tax upon insurance companies of other States from three per cent to one per cent of their annual gross receipts (Act of May 16, 1907, sec. 8) granted to companies which should comply with the provisions of the Act of April 24, 1907, requiring the investment in Texas securities of 75 per cent of the reserve apportioned on account of Texas policies and their deposit in the State, is not available to a company which has not made such investment and deposit, but merely asserts its exemption from compliance with that requirement by the provisions of such Act (Laws, 30th Leg. ch. 16, sec. 8, p. 482) in favor of companies which have deposited in their home State, and in compliance with its law, securities covering the reserve upon all their business and for the protection of all their policy holders. (Pp. 532, 533.)

**2.—Same.**

Exemption from compliance with the Act could not entitle the one exempted to a privilege conferred only on those who comply; and if the company could be considered as having complied with the Act of April 24, 1907, the reduction of tax was granted, by the Act of May 16, 1907, not to those who complied with an alternative provision of the Act of April 24, but to those complying with the specific requirement relating to investment and deposit of funds in Texas. This, by subjecting such funds to taxation as property having a situs in Texas, afforded the reason for reducing the occupation tax on companies undergoing such added burden. (P. 533.)

**3.—Same.**

The fact that under the former law (Act of May 13, 1905) an insurance company was taxed at the rate of two and one-half per cent on its gross receipts up to August 14, 1907, when the Act of May 16, 1907, took effect did not preclude the imposition by the latter Act of an occupation tax on the same company for 1908 and fixing the amount of same at three per cent of its gross receipts during the entire year of 1907. The taxes were for different years. (P. 533.)

Original application by the Insurance Company for mandamus from the Supreme Court against the Commissioner of Insurance.

*James H. Robertson,* for relator.

*Robert Vance Davidson,* Attorney-General, and *Claude Pollard,* Assistant, for respondent.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a petition by the relator, a life insurance company organized under the laws of Missouri, to compel the respondent, as Commissioner of Insurance and Banking, to certify one percent upon its gross receipts as reported, as its occupation tax for doing business in the State, or in the alternative, to certify 2¾ percent upon such receipts until August 14, 1907, and after that one percent upon that amount. There is a demurrer to the petition.

The claim of the relator in the first instance is that under the facts alleged in the petition it is liable for a tax of only one percent upon its gross receipts. It is alleged in the petition that the relator is a corporation organized under the laws of Missouri and as such is required by the laws of that State, to deposit in the proper office of the State securities covering the entire reserve upon business transacted in that State and all other States, and that it has made the deposit in accordance with that law. The claim is based upon the following provision of the act approved May 17, 1907, which provides for a tax upon the gross receipts of insurance companies and other corporations. "But any life insurance company that shall comply with the terms and provisions of the Act passed by the Regular Session of the Thirtieth Legislature of this State, approved April 24, 1907, requiring the investment and deposit of 75 percent of the reserve apportioned on account of policies of insurance written upon the lives of citizens of this State, shall pay an annual tax of one percent upon its gross receipts so long as said investments and deposits are made as provided in said Acts." (Laws 1907, sec. 8, p. 483.) Section 6 of the Act referred to in the provision quoted reads as follows: "That insurance companies organized and having their domicile in States of this Union wherein at this time, by the law of such home State, such company or companies are required to deposit with officers within the home State securities covering the entire reserve upon the business transacted in that State and all other States, in such manner to secure equally all policy holders of such company, shall have two years after this act takes effect in which to comply with the provisions of section 3 of this act. Provided, that the fact of such deposit in the home State shall be shown to the Commissioner of Insurance, Statistics and History of this State by a certificate under the hand and seal of the proper officer of the home State of such company or companies." (Laws 1907, p. 318.)

The first question which suggests itself is, does the relator show that it has complied with the Act of April 24, 1907, by merely showing that under the circumstances it is exempt from a compliance therewith for the term of two years. The language is, "shall have two years after this act takes effect in which to comply with the provisions of section 3 of this act." Can it be said, that to do the act which excuses it from complying with the Act for the period mentioned is a compliance with the Act? The provision of section 3 referred to requires that 75 percent of all securities of an insurance company in which its reserve fund for policies on the lives of persons living in this State, shall be deposited in the State Treasury or in

the State Depository, and there kept for the security of its policy holders. It is not claimed that this was done.

But should we take the words broadly and hold, that since the company has done everything required of it by the act, it has complied with the act, we should still be constrained to hold, that it has not complied with the act within the intent and meaning of the statute relied upon by relator. Repeating, the language is: "But any life insurance company that shall comply with the terms and provisions of the Act passed by the Regular Session of the Thirtieth Legislature of this State, approved April 24, 1907, requiring the investment and deposit of 75 percent of the reserve apportioned on account of policies of insurance written upon the lives of citizens of this State, shall pay an annual tax of one percent upon its gross receipts so long as said investments and deposits are made as provided by said acts." It is argued that words requiring the investment and deposit, etc., were merely intended as descriptive of the act, but in this we do not concur. We think rather that they were intended to point out the provisions referred to, so as to remove all doubt about the matter. This is still more apparent from the last clause of the provision quoted, "so long as said investments and deposits are made as provided in said Acts." How can it be said that investments and deposits are made as provided in the Act, when confessedly none are made but only an excuse set up for not making them?

But there is still another consideration which inevitably leads to the same result. It was doubtless thought by the Legislature that such companies as complied with the law would bring into the State valuable securities in a large amount, which might be subject to State taxation and that in view of such additional taxation it was but just to reduce their occupation tax. No such consideration could apply to companies which were exempt from the provisions of making the deposit. We conclude that respondent correctly held that the relator was liable for a tax of three percent.

The further contention is that since under the previous law (the Act of May 13, 1905) the tax was only $2\frac{1}{4}$ percent and since that law was not repealed until the Act of May 16, 1907, took effect, which was August 14, 1907, then the tax to the last named date should be only $2\frac{1}{4}$ percent. The argument assumes that the tax which the respondent is required to assess is a tax upon the gross receipts of the company for the year 1907. But such is not the case. It is an occupation tax for the year 1908, measured by the gross receipts for the year 1907. (State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153.) Presumably the relator, if doing business in the State for the latter year, paid its taxes for that year. It is apparent therefore that the tax payable in the year 1907 can not affect the question, for the reason that the tax is determinable by the amount of the gross receipts of the previous year without reference to any taxes that may have been assessable for that year.

We are of opinion that the mandamus should be refused and it is accordingly so ordered.