## BOARD OF INSURANCE COM'RS et al. v. PRUDENTIAL FIRE INS. CO.

### No. 9338.

Court of Civil Appeals of Texas. Austin.

Dec. 30, 1942.

Rehearing Denied Jan. 13, 1943.

Gerald C. Mann, Atty. Gen., and Walter R. Koch, Asst. Atty. Gen., for appellants.

Henry H. Brooks, of Austin, for appellee.

BLAIR, Justice.

Appellee, Prudential Fire Insurance Company, an Oklahoma fire insurance corporation with a permit to do business in Texas, sued appellants, the Board of Insurance Commissioners, the Attorney General, and the State Treasurer, to recover $3,048.-15 paid by appellee under protest as a part of its occupation tax for the year involved; and recovered judgment as prayed; hence this appeal.

The question presented involves a proper construction of Arts. 7064 and 4758, Vernon's Ann.Civ.St., the material parts of which read as follows:

Article 7064: "Every insurance corporation * * * shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and * * * shall pay an annual tax upon such gross premium receipts as follows: shall pay a tax of four and five hundredths (4.05) per cent. * * *. If any such insurance carrier shall have as much as one fourth of its entire assets * * * invested in * * * property in this State * * * then the annual tax * * * shall be one and one-half (1½) per cent of its said gross premium receipts * * *."

Article 4758: "Whenever, by any law in force without this State, an insurance corporation * * * of this State * * * is required * * * to make payment for taxes * * * license fees, or otherwise * * * greater than is required by the laws of this State for similar foreign corporations * * * of such States * * * they are hereby required as a condition precedent to their transacting business in this State * * * to pay * * * for taxes * * * license fees and otherwise a rate equal to such charges and payments imposed by the laws of such other State upon similar corporations of this State * * *."

At the time the tax was due appellee had invested in accordance with the provisions of Art. 7064 more than 25% of its assets in Texas property and paid without protest $2,639.08, which amount was computed at the rate of 1½% of the gross receipts of the Texas business. The comparable Oklahoma statute (Sec. 104 of Title 36, Oklahoma Statutes, 1941) provided that a similar Texas corporation shall pay an occupation tax of 4% on its gross receipts of business done in that State; but made no provision for a lower tax if the Texas corporation should invest a part of its assets in Oklahoma property. Appellants therefore construed the Oklahoma statute as levying a greater tax than the Texas statute, and under the provisions of Art. 4758, our so-

called retaliatory tax act, supra, demanded, and appellee paid under protest, the $3,048.15, which is the difference between the amount of the tax computed at the 4% rate under the Oklahoma statute, and the amount of the tax computed at the 1½% rate under Art. 7064, supra; it being the view of appellants that Art. 4758 imposed upon a foreign corporation an occupation tax equal at least to the tax levied by the statute of the state of its incorporation, upon a Texas corporation doing a similar business in Oklahoma.

In arriving at this amount of the tax demanded, it is undisputed that appellants compared the 1½% rate levied by Art. 7064 with the 4% rate levied by the Oklahoma statute, and concluded (1) that the Oklahoma rate was the higher rate; and (2) that the Texas so-called retaliatory statute (Art. 4758) was applicable. It was the view of appellee and of the trial court that this construction of Art. 7064 ignored the fact that in order to obtain the 1½% rate. appellee was required to invest 25% of its assets in Texas property, which thereby became subject to other forms of taxation in Texas; and was tantamount to a finding by the Texas Legislature that the 1½% tax on gross receipts plus the other forms of taxation on the assets invested in Texas property was equivalent to a flat charge of at least 4.05% on gross receipts from all Texas business. As sustaining this view appellee cites the case of Kansas City Life Ins. Co. v. Love, 101 Tex. 531, 109 S.W. 863, 864, wherein the court construed a Texas statute requiring the investment and deposit of 75% of the reserve apportioned on account of policies of insurance written upon the lives of citizens of this state, and providing a lower annual occupation tax of 1% on gross receipts so long as such investment and deposit are made; and wherein the court held: "It was doubtless thought by the Legislature that such companies as complied with the law would bring into the state valuable securities in a large amount, which might be subject to state taxation, and that in view of such additional taxation it was but just to reduce their occupation tax."

We think this reasoning and decision applicable and entirely analogous to the question presented in the instant case.

By the enactment of Art. 7064 the Legislature clearly provided that all fire insurance corporations, whether incorporated in Texas, in a sister state, or in a foreign country, shall pay a basic occupation tax of 4.05% on gross receipts from business done in Texas. It then provided that all such corporations had the option of paying a lower tax of 1½% on their gross receipts if they would invest 25% or more of their assets in Texas property. This optional provision for investment of assets rather than pay the higher tax is necessarily a finding by the Legislature that it regarded the payment of the 1½% on gross receipts plus the investment of 25% of assets in Texas property as being equivalent to the higher rate of 4.05% on gross receipts required of all corporations, domestic or foreign, which do not desire to make the investment in Texas property. To hold otherwise would convict the Legislature of requiring a larger occupation tax of corporations, both foreign and domestic, not making the investment in Texas property than it required of those making the investment. Manifestly, the Legislature regarded the investment of assets of such corporations in Texas property as being beneficial or valuable to the State of Texas, because it authorized the payment of the lower tax plus the investment of assets in lieu of the payment of the higher basic tax. This provision of the statute is plain and unambiguous and can have no other meaning under the language of the statute. No specific reason is stated in the statute for the right to pay the lower tax, but as reasoned in the Kansas City Life Ins. Co. case, supra, no doubt the Legislature thought that a compliance with the option to invest assets in Texas property would make this valuable property subject to taxation and that in view of such additional taxation it was but just to reduce their occupation tax. In addition the Legislature no doubt thought that the investment of the assets of insurance companies, both foreign and domestic, in state, county, municipal, and school bonds would help to furnish a large and needed market for such securities, and that this fact would authorize the payment of the lower tax plus the investment of assets in these securities in lieu of and as being equivalent to the higher basic tax of 4.05% required of all insurance companies that did not make such investments.

Since we hold that Art. 7064 provides that the payment of the 1½% rate on gross receipts plus the investment in Texas property requirement is equivalent to the payment of the higher 4.05% flat rate; and

since such flat rate is higher than the 4% flat rate levied by the Oklahoma statute, the provisions of Art. 4758, our so-called retaliatory tax statute, do not apply. Our statute only applies where a Texas corporation is made "to pay * * * for taxes * * * license fees and otherwise a rate equal to such charges and payments imposed by the laws of such other State upon similar corporations of this State." And under our above construction of Art. 7064 the fact that the Oklahoma statute does not afford a Texas corporation doing business in that state an option to invest 25% or more of its assets in Oklahoma property, as does the Texas statute, and thereby lower the tax of 4% imposed by the Oklahoma statute, is not material.

The judgment of the trial court is affirmed.

Affirmed.