**SHEPPARD et al. v. ROTARY ENGINEER-
ING CO., Inc.**

**No. 9685.**

Court of Civil Appeals of Texas. Austin.

Jan. 28, 1948.

Price Daniel, Atty. Gen. of Texas, and W. V. Geppert and Marietta Creel, Asst. Attys. Gen., for appellants.

Whitaker, Turpin, Kerr, Smith & Brooks, of Midland, for appellee.

GRAY, Justice.

In this cause Rotary Engineering Company, Inc., sued the State Comptroller, State Treasurer, and the Attorney General, in their official capacities, to recover the sum of $1,216.38, paid under protest as provided for in Art. 7057b, Vernon's Ann. Civ.St. The said sum of money having been so paid as occupation taxes under the terms and provisions of Art. 7060a, Vernon's Ann.Civ.St. Plaintiff further sued for recovery of all further sums of money "to be hereafter paid under protest."

The trial was to the court and from a judgment granting plaintiff the relief prayed for the defendants have appealed.

The only question presented by this appeal is the determination of whether or not plaintiff is engaged in a business such as to render it subject to the terms and provisions of Art. 7060a. The portions of this Article relevant here are:

"Section 1 (a) The term 'person' shall for the purpose of this Article mean and include individuals, partnerships, firms, joint stock companies, associations, and corporations.

"(b) Every person in this State engaged in the business of furnishing any service or performing any duty for others for a consideration or compensation, with the use of any devices, tools, instruments or equipment, electrical, mechanical, or otherwise, or by means of any chemical, electrical, or mechanical process when such service is performed in connection with the cementing of the casing seat of any oil or gas well or the shooting or acidizing the formations of such wells or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells, shall report on the 20th of each month and pay to the Comptroller, at his office in Austin, Texas, an occupation tax equal to two and two-tenths (2.2) per cent of the gross amount received from said service furnished or duty performed, during the calendar month next preceding. The said report shall be

executed under oath on a form prescribed and furnished by the Comptroller."

The business in which appellee is engaged is conducted in the following manner: It owns a portable laboratory, which consists of equipment located in what may be termed a trailer house; this laboratory is set up on the well location as near to the drilling operation as convenient; it is admitted that the wells adjacent to such laboratory are being drilled for oil or gas. The service performed is the analysis of drill cuttings which are taken possession of by appellee after the same have been brought to the surface and separated from the drilling fluid by means of a shale-shaker. Appellee exercises no control over the process of returning the cuttings to the surface and none over the shale-shaker, but it places a box at the end of the shale-shaker and in this box catches samples of drill cuttings; these samples are then tested in the laboratory. Appellee is usually called to the well location for its services when it is thought the well is approaching near a producing horizon. The test made on the drill cuttings is to determine the gas and oil contents of the strata or formations of the earth encountered by the drill bit. The laboratory findings are furnished to the well owner and appellee is paid for the service.

It is not necessary to here further set out the methods employed by appellee since it is not material to the issue to be here decided; except it may be added the laboratory of appellee consists of such equipment as enables it to make the analysis of the cuttings it takes possession of. No issue of cost of material, etc., is here presented.

Appellant presents only one point: The trial court erred in finding appellee was not engaged in testing the sands or other formations of the earth in oil and gas wells. The above statute, insofar as its provisions are applicable here, may be stated as follows: "Every person in this State engaged in the business of furnishing any service or performing any duty for others for a consideration or compensation, with the use of any devices, tools, instruments or equipment, electrical, mechanical, or otherwise, or by means of any chemical, elec-

trical or mechanical process when such service is performed in connection with * * * or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells."

The use of the word "otherwise" in the statute makes the statute inclusive of methods used in rendering service or performing duties other than those specifically enumerated, and taxes the service or duty performed. Western Co. v. Sheppard, Tex. Civ.App., 181 S.W.2d 850, error dismissed.

That appellee is engaged in the business of rendering a service is clear, but whether such service is taxable depends upon the construction of "the surveying or testing of the sands or other formations of the earth in any such oil or gas wells." Appellee argues the statute fixes the place of performance of the taxable act as in the well, that is, within the well bore. To this we do not agree. The legislature must be presumed to have been familiar with the sinking of oil and gas wells, and, that in such sinking the drill bit must penetrate different formations of the earth before reaching sands or formations saturated with with gas or oil. It was the purpose of the legislature to tax the act of surveying or testing the sands or other formations encountered as the well progressed, whether such survey or test is made in the well bore or elsewhere. The statute locates the sand or other formation to be surveyed or tested and not the place for such survey or test. If the intention of the legislature had been, as contended by appellee it was, it would have enacted the statute to read: "* * * or surveying or testing, in the well, of the sands or other formations of the earth in any such oil or gas well." Not having so enacted the statute we are not authorized to so interpret it here. Therefore, we are of the opinion the plain terms of the statute make the act of the appellee taxable in testing the sands or other formations of the earth as they may be found in the well. Even though appellee is engaged in "analyzing such sands and formations." this would not take the acts out of the ordinary meaning of the word "test" as used in the statute.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing and pay all costs of this appeal and of the court below.

Reversed and rendered.