

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 21,1951

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                     Opinion No. V-1249

Re: Effect of House Bill 285,
    Acts 52nd Leg., 1951, upon
    rates applicable to gross
    premium taxes to be col-
    lected under the provisions
    of Articles 7064, 7064a, and
Dear Mr. Butler:             4769, V.C.S.

You have requested the opinion of this office as to the
legal effect of House Bill 285, Acts 52nd Leg., 1951, upon the
rates applicable in the collection of gross premium taxes under
the provisions of Articles 7064, 7064a and 4769, Vernon's Civil
Statutes, in the year 1952 and thereafter. You have also requested
an opinion as to whether certain conclusions reached by you from
your examination of House Bill 285 are correct. For the purpose
of brevity, the conclusions reached by you will be discussed seria-
tim.

Your first conclusion is that House Bill 285 will become
effective on September 1, 1951. This conclusion is correct in the
light of the clear and unmistakeable language of Section XXVII
of House Bill 285, which is as follows:

"The crowded condition of the calendar creates
an emergency and an imperative public necessity that
the constitutional rule requiring bills to be read on
three several days in each House be suspended, and
the same is hereby suspended, and this Act shall take
effect and be in force from and after the first day of
September, A.D. 1951." [Emphasis added.]

House Bill 285 was passed by both Houses as an emergency mea-
sure and was signed by the Governor on the 8th day of June,1951,
and absent the underlined portion thereof, supra, would have be-

Hon. George B. Butler, Page 2 (V-1249)

come effective and been in force from and after that date. However, the Legislature specifically provided that the Act should become effective from and after September 1, 1951. See Attorney General Opinion V-1246 (1951) to the Honorable Robert S. Calvert, Comptroller of Public Accounts.

Your second conclusion is that Sections 1, 2, and 3 of Article XVII of House Bill 3, Acts 50th Leg., 1st C.S., codified respectively as Articles 7064½, 7064a-1, and 4769½, Vernon's Civil Statutes, are repealed by House Bill 285 in so far as each of these articles levies an additional tax for the calendar year 1951 and therefore no tax is to be levied under Sections 1, 2, and 3 of Article XVII of House Bill 3, supra, on premiums collected during 1951, irrespective of whether they were collected before or after September 1, 1951.

Section 1 of Article XVII, House Bill 3, Acts 51st Leg., 1st C.S. 1950, added the following Article:

"Article 7064½. In addition to all other taxes, there is levied hereby an additional tax for the years 1950 and 1951, on every insurance corporation, Lloyd's, or reciprocals, and on any other organization or concern upon which a tax is levied by Article 7064, Revised Civil Statutes of Texas, 1925, as amended.

"The tax shall be paid at the same time, in the same manner, and subject to all the same terms, conditions, obligations and penalties as is provided for the payment and collection of the tax levied in the aforesaid Article 7064.

"The tax hereby levied for the year 1950, shall be ten per cent (10%) of three-fourths (3/4) of the amount of tax levied and due for the callendar year 1950 under the aforesaid Article 7064. The tax hereby levied for 1951 shall be two-thirds (2/3) of ten per cent (10%) of the amount of tax levied and due for the calendar year 1951 under the aforesaid Article 7064."

Sections 2 and 3 of Article XVII use similar language in enacting Article 7064a-1 and Article 4769½.

However, Articles XV, XVIII, and XXI of House Bill 285,

which respectively amend Article 7064, 7064a, and 4769, V.C.S., each contain a section which, as relates to Article 7064, reads as follows:

> "Section 2. Section 1 of Article XVII of House Bill No. 3, Chapter 2, Acts of the First Called Session of the Fifty-first Legislature, (which is codified as Article 7064½, Vernon's Annotated Civil Statutes of Texas), is hereby repealed insofar, and only insofar, as it levies a tax on premium receipts for the year 1951."

The identical language of this repealing clause, except as to the specific references to the section numbers of House Bill 3 and the articles to be repealed, is contained in Section 2 of Articles XVIII and XXI of House Bill 285. This language, as quoted above, clearly and unmistakeably repeals those provisions of Sections 1, 2, and 3, Article XVII, House Bill 3, Acts 51st Leg., 1st C.S., which levy a tax upon premium receipts for the year 1951, and hence your conclusion is correct.

Your third conclusion is that Articles 7064a and 4769, V.C.S., now in effect, will control the premium taxes of the companies affected, measured by the premiums collected during the period January 1, 1951,to August 31, 1951, both inclusive. Your fourth conclusion is that Articles 7064a and 4769, Vernon's Civil Statutes, as amended by House Bill No. 285, which amendments will become effective September 1, 1951, will control the tax levied against the companies affected, measured by the premiums collected during the period September 1, 1951, to December 31, 1951, both inclusive.

Articles 7064a and 4769 tax respectively the gross premiums received by domestic life, health, and accident companies and foreign life, health, and accident companies. Article 7064a, now, and as amended by House Bill 285, reads in part as follows:

> ". . . Such taxes shall be for and on account of business transacted within this State during the calendar year ending December 31st, in which such premiums were collected, or for that portion of the year during which the insurance organization transacted business in this State. . . ."

The same provision also appears in Article 4769, now, and as amended by House Bill 285.

In an opinion by the Attorney General dated December 3, 1936, addressed to Hon. R. L. Daniel, Chairman of the Board of Insurance Commissioners, (Book 374, p. 496) it was held that an occupation tax levied for and on account of the business transacted during the year in which the premiums are collected upon which the tax is computed can be levied only upon the basis of the tax rate in effect at the time such business was transacted and such premiums collected. This holding was affirmed by letter opinion of this office dated August 14, 1949, addressed to Hon. George B. Butler, Chairman, Board of Insurance Commissioners. Inasmuch as the amendments to Articles 7064a and 4769, enacted by House Bill 285, will not be effective until September 1, 1951, your conclusions are correct that the rates provided in Articles 7064a and 4769, prior to the effective date of the amendment on September 1, 1951, will control the premium taxes of the companies affected, measured by the premiums collected during the period January 1, 1951, to August 31, 1951, both inclusive, and that the rates provided in Articles 7064a and 4769, as amended by House Bill 285, will control the premium taxes to be levied against the companies affected, measured by the premiums collected during the period September 1, 1951, to December 31, 1951, both inclusive.

Your fifth conclusion is that Article 7064, V.C.S., as amended by House Bill 285, will control the tax to be paid by the companies affected, measured by the premiums collected during the entire period January 1, 1951, to December 31, 1951, both inclusive. Article 7064, as amended, imposes an occupation tax on all organizations transacting the business of fire, marine, marine inland, accident, etc., insurance, other than the business of life, personal accident, life and accident, and health and accident insurance, and is an occupation tax payable in advance for the privilege of transacting such insurance business in this State for a period of one year commencing on March 1st of the year in which the tax is paid. The amount of the tax is measured by and is based upon the amount of gross premiums collected by the insurance organization during the preceding calendar year but the tax is not for the privilege of having done business in Texas during the period in which such premiums were collected or a tax upon the premiums so collected. Kansas City Life Ins. Co. v. Love, 101 Tex. 531, 109 S.W. 863 (1908);

Attorney General's Opinions, supra.

Under the Supreme Court's holding in Kansas City Life Ins. Co. v. Love, supra, the statutory tax rate in effect at the time the tax is levied is applicable, irrespective of the tax rate in effect at the time the premiums were collected. Your conclusion is correct inasmuch as the tax rate provided in Article 7064, as amended by House Bill 285, will be in effect from January 1,1952, to March 1, 1952, during which period the tax will be levied in accordance with the provisions thereof, and the applicable rate will be measured by the premiums collected during the entire period January 1, 1951, to December 31, 1951, both inclusive, being the preceding year prescribed in the statute.

Your sixth conclusion is that the provision contained for the first time in Section XV of House Bill 285 which provides that "examination and valuation fees paid in such taxable year to or for the use of the State of Texas by any insurance organization hereby affected shall be allowed as a credit on the amount of premium taxes to be paid by any such insurance organization for such taxable year. . . ." may be deducted by such companies provided the examination and valuation fees were paid during the year 1951. In the letter opinion of this office to Hon. George B. Butler, dated August 16, 1949, supra, in answer to a similar question as to similar provisions contained in Articles 7064a and 4769, Vernon's Civil Statutes, it was held that:

". . . The credits allowable for examination and valuation fees paid during the taxable year under the new measures are governed by the same principle. Those fees paid after the effective date of the Acts may be credited against those taxes accruing after the effective date of the Acts."

This holding is reaffirmed.

## SUMMARY

House Bill 285, Acts 52nd Leg., 1951 (The Omnibus Tax Bill) is effective from and after September 1, 1951, and the tax rates therein provided by Articles XV, XVIII and XXI are the rates to be applied in the

collection of gross premium taxes to be collected
under the provisions of Articles 7064, 7064a and
4769, Vernon's Civil Statutes.

APPROVED:                                Yours very truly,

Everett Hutchinson                       PRICE DANIEL
Executive Assistant                      Attorney General

Charles D. Mathews
First Assistant

By

Price Daniel                             C. K. Richards
Attorney General                            Assistant

CKR:wb:mf