

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 9, 1951

Hon. Franklin Perry, Chairman
Committee on Constitutional Amendments
House of Representatives
52nd Legislature
Austin, Texas

Opinion No. V-1155.

Re: Effect of the proposed consti-
tutional prohibition against
levying a general sales tax
upon existing sales taxes and
Dear Mr. Perry:                         future specific sales taxes.

You have requested our opinion on that portion of Com-
mittee Amendment No. 1 to House Joint Resolution No. 1, Acts 52nd
Leg., R.S. 1951, proposing an amendment to Section 1 of Article VIII
of the Constitution of Texas, reading as follows:

" . . . the Legislature shall never levy a general
sales tax upon the people of this State; . . . "

Your request presents two questions: first, the effect
of the proposed constitutional amendment upon the validity of the
existing "sales taxes" of this State; and second, its effect upon any
"sales taxes" that may be enacted in the future.

A review of "sales tax" legislation in the different States
during recent years reflects a great variation in the types of sales
taxes which have been imposed. The decisions as to the exact na-
ture of the taxes which have been termed "sales taxes" are not in
harmony. Such taxes have been described by the courts as occupa-
tion taxes, privilege taxes, income taxes, excise taxes, and, in rare
instances, as property taxes. It has been said that "the difficulties
in attempting to reduce the term 'sales tax' to any single all-inclu-
sive formula appear to be insurmountable." 47 Am. Jur. 194, Sales
Tax, Sec. 1.

Thus, it is apparent that the difficulty in answering your
first question lies in a determination of what existing taxes in this
State are in fact "sales taxes." Certainly the motor fuel taxes [1] and

---

[1] In State v. City of El Paso, 135 Tex. 359, 143 S.W.2d 366 (1940),
it was held that the motor fuel tax levied by Article 7065a-2, V.C.S.,
(repealed in 1941 but similar to that now levied under Article 7065b-
2) was a "use" tax and not an occupation tax.

many of the occupation taxes, such as the gross production taxes levied on the occupations of producing gas, oil, or sulphur, (Arts. 7047b, 7057a, and 7047b(40b), V.C.S.) would not be considered as being within the prohibition of the proposed amendment, even though such taxes may be passed on to the consumer.[2] The Legislature has imposed use taxes;[3] stamp taxes;[4] and license fees[5] under the police power of the State for regulatory purposes. In our opinion taxes of this nature would not be repugnant to a constitutional prohibition against a general sales tax.

---

[2] It was held in Att'y Gen. Op. V-1027 (1950) that the taxes levied by H.B. 3, Acts 51st Leg., 1st C.S. 1950, ch. 2, p. 10, on oil production, gas production, sulphur production, telephone gross receipts, gas, electric, and water company gross receipts, carbon black production, cement distributors, motor carrier gross receipts, oil well servicing, insurance gross receipts, and chain stores are occupation taxes within the meaning of Sec. 3, Art. VII of the Constitution of Texas. This opinion was based on the authority of Producers' Oil Co. v. Stephens, 99 S.W. 157 (Tex. Civ. App. 1906); State v. Humphrey, 159 S.W.2d 162 (Tex. Civ. App. 1941); W. R. Davis, Inc. v. State, 142 Tex. 637, 180 S.W.2d 429 (1944); Oliver Iron Mining Co. v. Lord, 262 U.S. 172, 43 S.Ct. 526 (1922); Dallas Gas Co. v. State, 261 S.W. 1063 (1924); State Tax Commission v. Hughes Drug Co., 293 S.W. 944 (Ky. Civ. App. 1927); United North & South Dev. Co. v. Heath, 78 S.W.2d 650 (Tex. Civ. App. 1934); Gaar, Scott & Co. v. Shannon, 115 S.W. 361 (Tex. Civ. App. 1909); Philtex Chemical Co. v. Sheppard, 219 S.W.2d 1010 (Tex. Civ. App. 1949); Trinity Portland Cement Co. v. State, 144 S.W.2d 329 (Tex. Civ. App. 1940); Texas Consolidated Transp. Co. v. State, 210 S.W. 2d 891 (Tex. Civ. App. 1948); Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 790 (1945); Southern Realty Corp. v. McCallum, 65 F.2d 934 (1933); Western Co. v. Sheppard, 181 S.W.2d 850 (Tex. Civ. App. 1944); Sheppard v. Rotary Engineering Co., 208 S.W.2d 656 (Tex. Civ. App. 1948); Kansas City Life Ins. Co. v. Love, 101 Tex. 531, 109 S.W. 863 (1908); Hurt v. Cooper, 113 S.W.2d 929 (Tex. Civ. App. 1938); Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937); Sec. 30-002, C.C.H.; Attorney General's Opinions O-4731 and O-4847; Edward Brown & Sons v. McColgan, 128 P.2d 186, 53 Cal. App.2d 504.

[3] Article 7065b-2, V.C.S., is an example.

[4] Article 7047c-1, V.C.S., is an example.

[5] Article 7047d, V.C.S., is an example.

The most familiar and generally recognized retail sales taxes in Texas are the "luxury excise" taxes levied by Article 7047l, V.C.S., on the sale of new cosmetics, radios, television sets, and playing cards, and the "motor vehicle retail sales" tax levied by Article 7047k, V.C.S. It was held in Att'y Gen. Op. O-4403-A (1942) on the authority of Lash's Products Company v. United States, 278 U.S. 175 (1928) that the tax imposed by Article 7047l was a "gross receipts" tax and not a sales tax. The motor vehicle sales tax levied by Article 7047k combines the features of both a retail sales tax and a use tax. As has been previously pointed out, there is doubt as to the exact classification of these and similar taxes, but it is clear that such taxes are at the most "selective sale taxes" and not "general," and would not fall within the proposed constitutional prohibition against a general sales tax.

The proposed amendment would be adopted in contemplation of existing tax statutes and such statutes therefore would not be held invalid unless clearly inconsistent with the provisions of the proposed amendment. 11 Am. Jur. 642, Constitutional Law, Sec. 36; 9 Tex. Jur. 420, Constitutional Law, Sec. 9. Great weight is attached to the opinion of the Legislature as to its own powers and as to the legislative interpretation of a constitutional provision. 11 Am. Jur. 699, 790, Constitutional Law, Secs. 79, 129; 9 Tex. Jur. 439, 480, 482, Constitutional Law, Secs. 27, 61, 62. It is to be assumed that the Legislature in adopting H.J.R. No. 1, as amended, would not expect it to result in the repeal of any present tax statute.

It is, therefore, our opinion that the passage by the Legislature and adoption by the people of H.J.R. No. 1, as amended, would not affect the validity of the existing tax statutes above referred to.

With regard to your second question, we must advise that we are unable to answer it categorically. It would be speculation on our part to attempt to anticipate the types of taxes that may be imposed by future Texas Legislatures. It is not unreasonable to observe that the courts of this State may find, after a period of years, that numerous so-called "selective taxes" would have the cumulative effect of a general sales tax and thus hold that some or all of such taxes are invalid under the proposed constitutional amendment. This is a matter, however, upon which we do not pass at the present time for the reasons herein stated.

## SUMMARY

The adoption of the proposed amendment to Section 1 of Article VIII of the Constitution of Texas pro-

hibiting the levy of a general sales tax would not affect the validity of the existing tax statutes in this State.

Yours very truly,

PRICE DANIEL
Attorney General

By *Frank Lake*
Frank Lake
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Charles D. Mathews
First Assistant

Price Daniel
Attorney General

FL:b:mwb