THE PEOPLE *ex rel.* Columbia Construction Company

*v.*

WILLIAM H. HINRICHSEN, Secretary of State.

*Filed at Springfield March 30, 1896.*

1. STATUTES—*object of statute considered in its construction.* Language in a statute which is susceptible of more than one construction should receive that construction which will effect the object of the statute rather than defeat it.

2. SAME—*knowledge of principles of statutory construction imputed to legislature.* In construing statutes, courts assume that they were enacted by the legislature with a view to the settled maxims and principles of statutory interpretation.

3. CONSTITUTIONAL LAW—*fees for increase of capital stock of corporation—act of 1895 constitutional.* The requirement of the act of 1895 (Laws of 1895, p. 132,) that corporations "at present organized and doing business, * * * that may hereafter increase their capital stock," shall pay, in addition to other fees required by law, one dollar for each $1000 of increase, is not unconstitutional, as requiring existing companies to pay fees not required of new companies which increase their stock, as by the statutory rules of construction (Rev. Stat. 1874, chap. 131, sec. 1,) the term "at present organized" includes both present and future corporations.

Original petition for *mandamus.*

PATTON, HAMILTON & PATTON, for petitioner.

PALMER, SHUTT, DRENNAN & LESTER, and O. P. THOMPSON, for defendant.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an original proceeding in this court by the relator, for a *mandamus,* directed to the defendant, as Secretary of State, to compel him to file a certificate of increase of the capital stock of the relator.

It appears from the petition, the relator was a corporation organized under the laws of this State, with a capital stock of $2,000,000, prior to the first day of July, 1895, with its principal office in the city of Chicago. On or about the 15th day of July, 1895, a special meeting of the stockholders of that corporation was held at its principal office to submit the question of increasing its capital stock to $5,000,000, and, that proposition being submitted, by a vote of its stockholders the increased capitalization was carried, and affidavit and certificate, in pursuance of law, made and presented to the defendant, the Secretary of State, and there was tendered therewith the sum of one dollar and demand made that such certificate under the corporate seal, increasing the capital stock of that corporation from $2,000,000 to $5,000,000, should be filed. The defendant stated the legal fee was $3001, and demanded payment of the same before filing the certificate. This the relator refused, and presents this petition for *mandamus* to compel the filing of the certificate, etc. The defendant interposed a demurrer.

The offer of the relator to pay one dollar at the time of tendering the certificate was in accordance with the law as it stood prior to July 1, 1895. By an act entitled "An act regarding fees for the incorporation and the increase of capital stock of companies and corporations in this State," approved June 15, 1895, it is provided:

"Sec. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That all companies and corporations hereafter organized under the laws of the State of Illinois shall pay to the Secretary of State,

before there shall issue a certificate of incorporation to the same, fees as follows:    All companies having a capital stock of $2500 and under shall pay the sum of $30; and all companies having a capital stock of over $2500 and not over $5000 shall pay the sum of $50; and all companies having a capital stock of over $5000 shall pay in addition to the said sum of $50 the sum of one dollar for each $1000 of capital stock over $5000.    All companies at present organized and doing business under the laws of this State that may hereafter increase their capital stock, shall pay as a fee, in addition to all other fees at present required by law, the sum of one dollar for each $1000 of increase of such capital stock:    *Provided,* that this act shall not apply to corporations incorporated under the law providing for the incorporation of homestead associations and building and loan associations, nor to religious associations, nor to corporations not for pecuniary profit.

"Sec. 2. It shall be unlawful for any company to do business, assuming to be incorporated under the laws of this State, until the fees provided for in section one (1) of this act shall have been paid to the Secretary of State."

By the third section all inconsistent acts are repealed.

The contention of the relator is, that under the provisions of this act any corporation existing at the time the act went into effect, desiring to increase its capital stock, was compelled to pay one dollar for each $1000 of increase, whilst companies organized since the passage of the act were compelled to pay only one dollar for an increase of capital stock, regardless of the amount of the increase, and it is insisted such legislation, whether applied to corporations or persons, would be class legislation, not uniform, and therefore unconstitutional and void.    We hold this is a misconception of the effect of the act.    From the title of the act it is apparent the purpose was to derive a revenue by requiring certain fees to be paid by corporations on becoming incorporated, and also certain fees for an increase of capital stock.    In

construing an act it is a principle of interpretation that the object must be borne in mind, and language susceptible of more than one construction should receive that which will effect its purpose rather than defeat it. (*Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 26.) A presumption is always indulged in favor of the constitutionality of an act, and that construction will be adopted which will sustain the act, where the language used will permit such interpretation. (*Newland* v. *Marsh,* 19 Ill. 376.) In construction, words may be restricted or enlarged, according to the intent with which they were used, and their meaning as used may be gathered from the purpose of the enactment. (*Castner* v. *Walrod,* 83 Ill. 171; *Cruse* v. *Aden,* 127 id. 231.) And when necessary, that which is implied as well as that which is expressed may be held to be included within a statute. (Potter's Dwarris, 145.) This act provides that all companies or corporations hereafter organized under the laws of this State shall pay to the Secretary of State, before there shall issue a certificate of incorporation to them, certain prescribed fees. This portion of the act has reference to the collection of fees from incorporations thereafter effected. The act then provides that "all companies at present organized and doing business under the laws of this State, that may hereafter increase their capital stock, shall pay as a fee," etc. The inquiry presents the question as to the meaning of the term "at present organized."

In *Holdom* v. *A. O. U. W.* 159 Ill. 619, we quoted the following with approval (p. 626): "Knowledge of the settled maxims and principles of statutory interpretation is imputed to the legislature. To the end that there may be certainty and uniformity in legal administration, it must be assumed that statutes are enacted with a view to their interpretation according to such maxims and principles. When they are regarded the legislative intent is ascertained."

The legislature of this State, by the provisions of chapter 131 of the Revised Statutes, declared certain rules for the construction of statutes then in force or that might be thereafter enacted, and by the first and second subdivisions of section 1 of that chapter it is provided: "First, all general provisions, terms, phrases and expressions shall be liberally construed, in order that the true intent and meaning of the legislature may be carried out; second, words in the present tense include the future." The legislature having declared these among other rules of construction of statutes, in the enactment of the law now under discussion must be considered as having used the language contained therein with knowledge of the principles of statutory construction and interpretation as adopted by the courts and declared by legislation. The term "at present organized" they used as inclusive of present and future organized incorporations. By this declared method of construction the interpretation must be the same as if the language used had been, "all companies at present organized and doing business under the laws of this State or that may be organized in the future, that may hereafter increase their capital stock, shall pay," etc. This construction necessarily results from the provisions of this act considered in connection with the provisions of chapter 131, no distinction being made between corporations at present organized or that may be organized in the future. The same fees for increase of capital stock would by this act be required from each. The contention of the relator is in direct conflict with the necessary and reasonable construction.

The demurrer is sustained. The writ is denied.

*Writ denied.*