BARBEE & SMITH v. CITY OF DALLAS ET AL.

Decided June, 29, 1901.

1.—Taxation—Exemptions—Institutions of Public Charity—Constitutional Construction.

Under section 2, article 8, of the State Constitution, exempting from taxation "all institutions of purely public charity," and which is held to authorize the exemption only of real estate, with the buildings thereon, owned and used exclusively by institutions of purely public charity, the personal property of a branch house in this State of the Methodist Publishing House of Nashville, Tenn., consisting of the books and periodicals issued by said publishing house, and of such other articles as make up the stock in trade of a regular bookstore, is not exempt from taxation, although the produce of such publishing house and its branches is devoted exclusively to the support of the traveling, supernumerary, superannuated, and wornout preachers, their wives, widows, and children.

2.—Same—Purely Statutory Exemption Invalid.

Neither the statute nor a city ordinance can extend the above exemption, nor is it material to the question here that in Tennessee, under a constitutional provision broader in its terms, such personal property of the Methodist Publishing House is there held exempt from taxation.

Appeal from Dallas.   Tried below before Hon. T. F. Nash.

*Morris & Crow,* for appellants.

*W. T. Henry* and *J. J. Collins,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was an action by appellants against the city of Dallas and its tax collector, Sam Tabor, to enjoin the collection of taxes on the ground that the business and property of appellants were exempt from both city, ad valorem, and occupation taxes, as belonging to "an institution of purely public charity." The trial court granted a temporay restraining order, but on a hearing of the case on trial dissolved the same and sustained exceptions to the petition, and the appellants, as plaintiffs, declining to amend, the court dismissed the cause from the docket and rendered judgment for defendants, and this action of the trial court is the only question for review on this appeal. There are several assignments of error referring to the several exceptions of defendants to the allegations of the bill, but they all relate to the same subject,—the sufficiency of the allegations to sustain complainants' cause of action,—and are gouped and presented together.

The allegations of the complainants' bill show they conduct a book business, with a capital of $55,000, in the city of Dallas, Texas, and are engaged exclusively in buying and selling books, tracts, and periodicals at both wholesale and retail, and that in the conduct of said business complainants represent and are "the book agents of the Methodist Episcopal Church South, and that said business is a part and parcel of and auxiliary to the main business of the publishing house of the Methodist Episcopal Church South," located and doing business at Nashville,

Tenn., and founded and established by the Methodist Episcopal Church South, as an "institution of purely public charity," the object of which is to advance the cause of Christianity by disseminating religious knowl-edge and useful literature and scientific information in the form of books, tracts, and periodicals.

That said institution and business of complainants was established by and under the authority of the General Conference of the Methodist Episcopal Church South, the chief governing body of said church, but it is provided: "They shall not appropriate the produce of the publish-ing house to any purpose other than for the benefit of the traveling, supernumerary, superannuated and wornout preachers, their wives, widows, and children."

Under the regulations of said church a "book committee," composed of thirteen members of said church, was provided for, to have full super-visory power and control over the business of said publishing house, with authority in their discretion to extend the business as they may judge to be for the best interest of the church, and under the direction of said book committee complainants established the business now being con-ducted by them in the city of Dallas, Texas, on or about April 1, 1899, on capital, money, and funds furnished by said publishing house, and the proceeds, profits and revenues are to belong to and become a part of the funds of the said publishing house; and are not to be used except for the benefit of the "traveling, supernumerary, superannuated and wornout preachers, their wives, widows, and children," and that said business has been and is being conducted strictly in accordance with the rules and regulations of the general conference and the book com-mittee of said church, and the proceeds have been and will be applied only to the uses as required by the rules and regulations aforesaid of said church. The most of the books, tracts, and periodicals handled by complainants in their said business are published by said publishing house at Nashville, Tenn., but they do carry other of such articles making up the stock in trade of a regular book store.

The ordinance of the city of Dallas, Texas, exempting such business from taxation is alleged.

Facts are alleged showing a regular levy and assessment of both ad valorem and occupation taxes by the city of Dallas, Texas, and the effort to collect same of the complainants. It further alleged facts to show that irreparable injury will result to complainants if required to pay said taxes and rely on recovering them back, whereby they are with-out remedy at law to protect themselves against an unwarranted collec-tion of said taxes when their property is exempt in law and in fact as belonging to an "institution of purely public charity," wherefore they pray for injunction.

This petition was sworn to, and on presentation to the trial judge a temporary restraining order was granted, but on a hearing and trial of the case this order was, on motion of defendants, dissolved and excep-tions sustained to the petition, and complainants declining to amend,

that suit was dismissed on the ground that complainants' property is not exempt from taxation as alleged, and this action of the court is here presented for review.

*Opinion.*—This appeal involves the construction of article 8, section 2, of the State Constitution, exempting from taxation "all institutions of purely public charity." This clause has been considered by the Supreme Court, and in an able and exhaustive opinion the clause was construed by that court as authorizing the exemption only of real estate, with the buildings thereon, owned and used exclusively by institutions of purely public charity. Morris v. Masons, 68 Texas, 698. In other words, the effect of the holding is that this clause of the Constitution authorizes the Legislature to exempt only real estate owned and used exclusively by institutions of purely public charity.

The property sought to be exempted in the case at bar consists of publications principally of books, tracts and periodicals published by the Methodist Publishing House at Nashville, Tenn., of which plaintiff is a branch. The petition does show, however, that plaintiff "does carry other of such articles making up the stock in trade of a regular book store." The property described in the petition consists of personal property only. None of it can be designated as real estate or buildings. This being true, under the decision above referred to we conclude that it is not included in the exemptions provided for in article 8, section 2, of the Constitution. In support of these views we also refer to the following authorities: St. Edward's College v. Tax Collector, 82 Texas, 1; Red v. Morris, 72 Texas, 554; City of Austin v. Austin Gas Co., 69 Texas, 180; Altgelt v. City of San Antonio, 81 Texas, 436.

As the property set out in the petition is not embraced in the clause of the Constitution authorizing the exemption of "all institutions of purely public charity," it is unnecessary to decide whether the language of the statute (Sayles' Civil Statutes, article 5065, subdivision 6) is broad enough to exempt it, or whether the language of the ordinance of the city exempting property from taxation would include it. It is conceded that if the Constitution does not authorize the exemption of this property, it could not be exempted by the statute or ordinance.

The Supreme Court of Tennessee held that the property of the Methodist Publishing House, at Nashville, Tenn., of which appellant is a branch, is exempt under the Constitution of that State. Book Agents M. E. Church v. Hinton, 21 S. W. Rep., 321. The clause of the Constitution of Tennessee under consideration in that case provides that, "All property, real, personal, and mixed, shall be taxed; but the Legislature may except such as may be held by the State, by counties, cities, and towns, and used exclusively for public or corporation purposes, and such as may be held and used for purposes purely religious, charitable, scientific, literary, or educational." It was held that this language included institutions created for charitable and religious purposes, and that the ultimate use of the property of the publishing house was for

these purposes, and that the income derived from the use of its property had been exclusively applied to these purposes. It will be seen that the language of the Constitution of Tennessee under consideration in that case is materially different from the language of the Constitution of this State as relied upon by appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writt of error refused.