THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* W. T. PRICE, Plaintiff in Error.

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. STATUTES—*legislative intention should be given effect if possible.* In construing statutes the intention of the legislature is to be ascertained and given effect if possible, and if a statute is susceptible of more than one construction it should be given a construction which will effect its purpose rather than one which will defeat it.

2. PURE FOODS—*object of Pure Food law of 1907.* One of the objects of the Pure Food law of 1907 is to protect the public health by prohibiting dealers from selling food to which has been added, for the purpose of preserving it, ingredients injurious to health, or from selling any compound as a preservative which contains any such ingredients.

3. SAME—*sections 8 and 22 of the Pure Food act must be construed together.* Section 8 of the Pure Food act, which prohibits the sale of foods to which an ingredient injurious to health has been added, and section 22, prohibiting the sale of any unwholesome or injurious preservative, must be construed together so as to give effect to the manifest purpose of the act itself.

4. SAME—*the prohibition against boric acid applies to preservatives as well as to food.* The prohibition of the Pure Food act against boric acid is not limited to foods to which it is an added

ingredient, but extends to compounds containing boric acid which are sold as food preservatives.

5. SAME—*when legislative determination that ingredient is injurious is final.* Where an ingredient, such as boric acid, is not universally conceded to be wholesome, the determination of the legislature that it is unwholesome and injurious to health must be accepted by the courts, and they will not enter into an investigation of the facts to determine whether the legislative declaration was warranted thereby.

6. CONSTITUTIONAL LAW—*Pure Food law does not violate section 13 of article 4 of constitution.* The Pure Food law, in so far as it is held to prohibit the sale of preservatives containing boric acid or other of the ingredients declared to be injurious, does not violate section 13 of article 4 of the constitution, as embracing a subject not within the title of the act.

7. SAME—*law prohibiting sale of adulterated food does not violate commerce clause of the Federal constitution.* The power of a State to prohibit within its borders the sale of adulterated foods is not repugnant to the commerce clause of the Federal constitution but is a valid exercise of the police power of the State.

8. SAME—*fact that an injurious preservative is sold in original package does not protect dealer.* If a dealer sells an injurious preservative in Illinois in violation of the Pure Food law, he is not protected by the fact that the preservative was manufactured in another State and sold in Illinois in the original package.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding.

TRAFFORD N. JAYNE, and TOLMAN & REDFIELD, (HENRY P. CHANDLER, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (NOLEMAN & SMITH, and CHARLES F. McKINLEY, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was fined $50 and costs in the municipal court of the city of Chicago for violating what is commonly known as the Pure Food statute, enacted in 1907, and has sued out a writ of error to review the judgment.

The title of the act is, "An act to prevent fraud in the sale of dairy products, their imitation or substitutes, to prohibit and prevent the manufacture and sale of unhealthful, adulterated or misbranded food, liquors or dairy products, to provide for the appointment of a State food commissioner and his assistants, to define their powers and duties and to repeal all acts relating to the production, manufacture and sale of dairy and food products and liquors in conflict herewith." The charge against plaintiff in error was that he "did unlawfully manufacture for sale, offer for sale and sell, a certain preservative compound known as Mrs. Price's Canning Compound, intended as a preservative of food, which was then and there unwholesome and injurious in that it contained boric acid, an unwholesome and injurious substance, in violation of the act aforesaid." To the charge he pleaded not guilty and waived trial by jury.

On the trial certain facts were agreed to by stipulation between the parties, as follows: "That the defendant, W. T. Price, on or about August 30, 1911, at Chicago, in said county, offered for sale, and sold, two packages of a preservative known as Mrs. Price's Canning Compound; that said canning compound contained boric acid; that the label on said packages bears the following statement: 'It is not claimed for this compound that it contains anything of food value, but it is an antiseptic preparation, and among its many uses may be employed to prevent canned fruits and vegetables from souring and spoiling;' that said preservative was not offered for sale or sold in any food product, but was offered for sale and sold, separate and apart, as a preservative; that the defendant was accorded a hearing before the State food commission, pursuant to the provisions of the Food law."

The State also introduced in evidence the envelope or covering used for enclosing the compound referred to in

the stipulation.    Printed on one side of the envelope was the following:

> "Mrs. Price's Canning Compound,
> Manufactured by
> The Price Compound Company,
> Minneapolis, Minn.

May be used in canning all kinds of fruit, and is especially valuable for corn, beans, peas, asparagus, tomatoes, etc.

May also be used in making catsup, sweet pickles, or anything that is liable to ferment. It saves money, time, labor, worry, and insures the best results. See book of directions for instruction in using the compound and how to do all kinds of canning.

Book with free samples sent to any address on application.

The contents of this package is sufficient for four quarts.

For compound or information call on our agent or address

> Serial No. 7557.
> Guaranteed by the
> Price Compound Co.
> under the
> Food and Drug
> Act of June 30th,
> 1906.

Mrs. W. T. Price, 1605 Penn avenue, North Minneapolis, Minn."

The other side of said envelope contains the following words and figures:

*"Notice to Purchasers.*

"It is not claimed for this compound that it contains anything of food value, but it is an antiseptic preparation, and among its many uses may be employed to prevent canned fruits and vegetables from souring and spoiling.

\*          \*          \*          \*          \*          \*          \*          \*

Retail Price.

1 Package 10c.          3 Packages 25c.          7 Packages 50c.
15 Packages $1.00."

No other evidence was offered by the State. Plaintiff in error at the conclusion of the State's case entered a motion that he be found not guilty, assigning as reasons therefor that the proof was not sufficient to authorize a conviction and also that the act is unconstitutional. The court denied the motion, and plaintiff in error then offered to make certain proof. It was stipulated that a witness in court, if sworn, would testify that the Price Canning Compound is an article of commerce which has been sold under

that distinct name for a period of years, with the ingredi-
ents and in the proportions contained in the sample taken
by the food department which is the subject of this suit;
that it has acquired a wide reputation over a large number
of States in the Union as a distinctive article used for can-
ning by the housewife; that it is not sold by the defendant
in any food nor as a food, nor is it sold to manufacturers
of food or canners of food for sale; that boric acid is a
constituent part of the compound, and has been such dur-
ing all the time that the compound has been sold; that in
the sample taken by the food department, and, in fact, in
any other goods sold by this defendant, there is no added
ingredient of any kind whatever, whether it be injurious,
deleterious or otherwise. He also offered to prove that
boric acid is not injurious to the health or human system,
and that the Price Canning Compound is not adulterated
or mis-labeled in any way. Objections by the State to this
proof were sustained. Plaintiff in error also offered to
prove, and it was agreed that a witness, if placed on the
stand, would testify, that the compound is an article of
commerce manufactured in Minnesota and sold in the orig-
inal package in Illinois.

The court denied propositions of law tendered by plain-
tiff in error raising the material questions involved in this
litigation, which are thus stated in plantiff in error's brief:
"First, is the sale of a harmless preservative in the State
of Illinois prohibited by the Dairy and Food law merely
because it contains boric acid? Second, if such is the ef-
fect of the statute, is so much of it constitutional? Third,
can the State of Illinois, in any event, prohibit the sale of
a preservative manufactured in another State and sold in
this State in the original package?"

The position of the State is, that by the Pure Food act
boric acid was declared unwholesome and injurious, and
this obviated the necessity for proof of that fact. Section 8
provides that food shall be deemed to be adulterated "if it

contains any added poisonous or other added deleterious ingredient which may render such article injurious to health, * * * and formaldehyde, hydrofluoric acid, boric acid, salicylic acid and all compounds and derivatives thereof are hereby declared unwholesome and injurious." Section 22 forbids anyone to "manufacture for sale, advertise, offer or expose for sale, or sell, any * * * unwholesome or injurious preservative or any mixture or compound thereof intended as a preservative of any food: *Provided, however,* that this section shall not apply to pure salt added to butter and cheese."

We will first notice the objection of plaintiff in error that section 8 deals only with foods; that the declaration in that section that boric acid is injurious and unwholesome is limited to foods containing that substance as an added ingredient, and has no application to a preservative which is not, and does not purport to be, a food.

Both sections 8 and 22 are parts of one act, and the act, as a whole, should be so construed as to give effect to its manifest purpose and intent. Its main purpose is to protect health by preventing adulteration of food by any unwholesome and injurious ingredient. Boric acid is declared to be unwholesome and injurious, and the sale of any food to which it is an added ingredient is prohibited. It was well known to the legislature that various compounds are manufactured and sold for preserving foods of different kinds. If such preservatives contain unwholesome and injurious ingredients, their use by the housewife, or anyone else, in preserving fruits or food, would be as injurious to the health as if they had been added by a dealer or manufacturer to fruits or other foods before placing them on the market. The object of the act is to protect the public health by preventing dealers from selling food to which had been added, for the purpose of preserving it, ingredients injurious to the health, or from selling any compound as a preservative which contained any such ingredients.

The prohibition is not against the sale of all preservatives, but is against only unwholesome or injurious preservatives. It is a primary rule in the interpretation and construction of a statute that the intention of the legislature is to be ascertained and given effect. In ascertaining the legislative intent each part or section is to be considered in connection with every other part or section, also the evils intended to be remedied by the enactment. "The intent is the vital part,—the essence of the law,—and the primary rule of construction is to ascertain and give effect to that intent." (Lewis' Sutherland on Stat. Construction, sec. 363.) If a statute is susceptible of more than one construction it should be given the construction that will effect its purpose rather than one that will defeat it. (*People* v. *Hinrichsen*, 161 Ill. 223.) It is just as important to prohibit the sale to the housewife of a compound containing boric acid, to be used by her to preserve fruits and vegetables put up by her for family use, as it is to prohibit the sale of fruits and vegetables after such an ingredient has been added. We think the reasonable construction of the act to be that the prohibition against boric acid is not limited to foods to which it is an added ingredient, but extends to compounds sold as a food preservative which contain boric acid. The danger to health is as great from one as the other, and the prohibition of both was necessary to effect the evident purpose of the legislature.

It is also contended that boric acid is not, in fact, unwholesome and injurious; that the court erred in refusing to hear evidence upon that question, and if the declaration that boric acid is unwholesome and injurious obviates the necessity for proof of that fact, it violates section 2 of article 2 of our State constitution and the provision of the fourteenth amendment to the constitution of the United States, to the effect that no person shall be deprived of liberty or property without due process of law. Plaintiff in error quotes from scientific authorities that boric acid,

257 — 38

in proper quantities, is harmless and an effective antiseptic and preservative. Defendant in error cites and quotes from a publication giving the results of an extensive scientific investigation made by the National Bureau of Chemistry under authority given by Congress, of the effect of boric acid on the human system, in which publication it is stated the effect was found to be injurious. It may be conceded the legislature has no authority to forbid the sale of a known wholesome article of food, but it is certain boric acid is not so universally conceded or known to be wholesome that judicial notice will be taken of it. Whether it is or not is a matter of dispute. In such cases, in enacting legislation in the exercise of the police power of the State the legislative declaration that it is unwholesome must be accepted by the courts, and they will not investigate the facts for the purpose of determining whether the declaration of the legislature was warranted by the facts. (*Powell* v. *Pennsylvania,* 127 U. S. 678; *State* v. *Layton,* 160 Mo. 474; 83 Am. St. Rep. 487; *Adams* v. *Milwaukee,* 144 Wis. 371; *Sanders* v. *Commonwealth,* 117 Ky. 1; 111 Am. St. Rep. 219; *People* v. *Cipperly,* 101 N. Y. 634; 4 N. E. Rep. 107; *State of Iowa* v. *Schlenker,* 112 Iowa, 642; 51 L. R. A. 347.) The same principle has been declared by this court in cases involving the right of a legislative body, State or municipal, to declare a thing a nuisance. (*Laugel* v. *City of Bushnell,* 197 Ill. 20.) If the act before us is, as we hold it to be, a valid exercise of the police power, the answer to the contention of plaintiff in error that it is in violation of the provisions of the State and Federal constitutions before referred to will be found in the cases above cited.

It is also contended that if the act is construed as we have construed it,—to prohibit the sale of a food preservative containing boric acid,—it is in violation of section 13 of article 4 of our State constitution, in that it embraces a subject not expressed in the title. It is argued that by the

title the act is limited to dairy products, food and liquors, and that any prohibition against preservatives is beyond the scope of the title.. We do not agree with this contention. If, as we have above endeavored to show, the prohibition against the sale of unwholesome and injurious preservatives is so material a part of the act and so necessary to make effective the manifest purpose of the enactment, it requires no unwarranted stretch to hold that the title is broad enough to include the sale of unwholesome preservatives. The constitutional provision said to be violated is to be liberally interpreted in aid of the act. (*Town of Manchester* v. *People,* 178 Ill. 285.) "The fact that many things of a diverse nature are authorized or required to be done is unimportant, provided the doing of them may fairly be regarded as in futherance of the general subject of the enactment." *McGurn* v. *Board of Education,* 133 Ill. 122.

It is further contended that if the act under consideration be construed as we have construed it,—to prohibit the sale of Price's compound,—it is an infringement upon the power of Congress, to which body is delegated, by the constitution, the power to regulate commerce among the several States. The power of a State to prohibit within its borders the sale of adulterated food is not repugnant to the commerce clause of the Federal constitution but is a valid exercise of the police power of the State. *Plumley* v. *Massachusetts,* 155 U. S. 461; *Schollenberger* v. *Pennsylvania,* 171 id. 1; *Crossman* v. *Lurman,* 192 id. 189.

Neither was plaintiff in error protected, in the sale of the preservative, under the doctrine of the original package decisions of the Supreme Court of the United States. *Austin* v. *Tennessee,* 179 U. S. 342.

We are of opinion the municipal court did not err in the judgment rendered, and that judgment is affirmed.

*Judgment affirmed.*