COUNTY OF WILL

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

FEES AND COSTS—*meaning of in section 39 of act relating to Joliet Penitentiary.* The Legislature in enacting section 39 of the act in relation to the Joliet Penitentiary meant that the term "fees and costs" was intended to include not only what might be included in the strict definition of that term, but also other actual and necessary expenses incurred in the prosecution of a case.

Robert W. Martin, State's Attorney, for Claimant.

P. J. Lucey, Attorney General, for State.

Statutes must be interpreted according to their intent and meaning and not always according to the letter; a thing within the statute, though not within the letter, and a thing within the letter is not within the statute, unless within the intention.

> *Perry* v. *Johnson County,* 94 Ill. 214, 220;
>
> *Anderson* v. *Chicago, Burlington & Quincy R. R. Co.,* 117 Ill. 26, 28;
>
> *People ex rel* v. *Gaulter,* 149 Ill. 39, 47;
>
> *People ex rel* v. *City of Chicago,* 152 Ill. 546, 551.

In consturing a statute, the courts are not confined to the literal meaning of the words of the statute, but the intention is to be gathered from the necessity, object or reason of the exactment and the meaning of its words enlarged or restricted according to the true intent.

> *Castner* v. *Walrod,* 83 Ill. 171, 178;
>
> *Cruse* v. *Aden,* 127 Ill. 231, 239;
>
> *People ex rel* v. *City of Chicago,* 152, Ill. 546, 552;
>
> *People ex rel* v. *Harrison,* 191 Ill. 257, 267;
>
> Dissenting opinion, *People* v. *Russel,* 245 Ill. 268, 282.

When the literal enforcement of the statute would result in great inconvenience and cause great injustice, and lead to consequences which are absurd and which the Legislature could not have contemplated, the Courts are bound to presume that such consequences were not intended and adopt a construction which will protect the ends of justice and avoid the absurdity.

> *People ex rel* v. *Gaulter,* 149 Ill. 39, 47;
>
> *Crane* v. *Chicago & Western Indiana R. R. Co.,* 233 Ill. 259, 263;
>
> *Sturges* v. *City of Chicago,* 237 Ill. 46, 51;
>
> *People ex rel* v. *City of Chicago,* 152 Ill. 522, 546.

In construing said statute, its object must be borne in mind and language susceptible of more than one construction should receive that construction which will effect the purpose and object of the statute, rather than defeat it.

> *People ex rel* v. *Hinrichsen,* 161 Ill. 223, 226;
> *People* v. *Price,* 257 Ill. 587, 593;
> *City of Decatur* v. *Schlick,* 269 Ill. 181, 185;

A prosecution is the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them until terminated in the final judgment of the Court, to-wit: the sentence.

> *Territory* v. *Nelson,* 2 Wyoming, 346.

Neither the people of the county in a criminal case can be held for costs.

> *Galpin* v. *City of Chicago,* 249 Ill. 554, 566.

Section 39 of the act in relation to the Joliet Pententiary provides with reference to the payment by the State of the costs of prosecuting convicts in the penitentiary who may commit a crime while in such penitentiary as follows:

"* * * that all fees and costs arising from the prosecution of convicts for crimes committed in the penitentiary which the county is now required to pay in like cases, shall be paid by the State." Hurd's Revised Statutes, 1916, chap. 108, par 39, p. 1968.

Fees—Costs—Defined.

The term "Fees" is used to designate the sums prescribed by law as charges for services rendered by public officers.

> *City of St. Louis* v. *Meintz,* 107 Mo. 611;
> *Com.* v. *Bailey,* 3 Ky. Law Rep. 110-114.

Any charge for services not enumerated in the statute is not nor is there any pretense for calling it costs.

> *Chase* v. *De Wolf,* 69 Ill. 47, 49.

Costs are awarded by each court in the proceedings before it. They are certain legal fees allowed by law computable from the record.

> *State* v. *Graham,* 68 W. Va. 1, 7.

Costs are creatures of the statute and where the statute does not provide for costs, none may be taxed.

> *Galpin* v. *City of Chicago,* 249 Ill. 554, 566.

At common law no costs were allowed by the Court or jury who were authorized to amerce the unsuccessful party a certain amount in addition to the amount sought to be recovered in the action, and here grew up the practice of allowing costs.

> *Galpin* v. *City of Chicago, supra,* p. 566.

There is a distinction between fees and costs as indicated by the following citations:

In *Alexander* v. *Harrison,* 2 Ind. App. 47, 48, the court distinguished the terms "Costs" and "Fees" as follows:

"The terms 'fees' and 'costs' are often used interchangeably as having the same application, but accurately speaking the term 'fees'

is applicable to the items chargeable by law as between the officer or witness and the party whom he serves; while the term 'costs' has reference to the expenses of the litigation as between litigants.    *Musser* v. *Good,* 11 Serg. & R. Pa. 247.    This distinction has little, if any practical value."

The same distinction was made in the case of *Bechart* v. *Anderson,* 24 Okla. 82, 84.    In *Columb* v. *Webster Manufacturing Company,* 76 Fed. 198, 200, the court said:

" 'Costs' means taxable costs to be recovered by the adverse party. * * *. 'Fees' means for the cost at bar, the fees of the clerk in the strict sense of the word."

In the case of *In Re Terry,* 153 N. Y. Supp. 258, on pages 260, 261, the Court said:

"But fees do not properly come within the definition of the word 'costs' * * *.    Costs are defined to be the expenses incurred by the parties in the prosecution or defense of a suit at law.    They are distinguished from fees in being an allowance to a party for expense incurred in conducting his suit, whereas, fees are compensation to an officer for services rendered in the progress of the cause."

In *City of Carterville* v. *Cardwell,* 152 Mo. App. 32, 37, the court defined "costs" and "fees" as follows:

"As between a party to a suit and the officer or witness, the charges allowed are usually denominated fees; but as between the parties to the suit, these charges are usually called costs.    The word "costs" when used in relation to the expense of legal proceedings, beans the sum prescribed by law as charges for the services enumerated in the fee bill."

This is a claim amounting to $2,903.74, filed by claimant against the State for expenses incurred in the prosecution of Frank Repetto and Jasper S. Perry, both of whom were tried and convicted of the charge of murder in the County of Will, Illinois; said offenses having been committed by them while confined as prisoners in the Illinois State Penitentiary at Joliet, Illinois. ·

The jury in the *Repetto case* on October 17, 1914, returned a verdict finding him guilty of murder and fixing his punishment at death. Three reprieves were issued to the defendant, the last one extending to July 16, 1915, on which day he was executed pursuant to the judgment and sentence of the Circuit Court of Will County, Illinois.

Jasper S. Perry was also tried in the Circuit Court of Will County, Illinois, and the jury returned a verdict finding him guilty and fixing his punishment at death, but the Court granted a motion for a new trial on the ground that the punishment was too severe.    Later, he entered a plea of guilty of the charge of murder and was sentenced to life imprisonment in the Illinois State Penitentiary.

Neither of these men were citizens or residents of Will County, Illinois, but on the contrary were sent to the penitentiary from Cook County, Illinois.    This claim is prosecuted by virtue of the provisions of section 39, chapter 108, Hurd's Revised Statutes, which statute provides:

"The several courts of Will County, Illinois, having criminal jurisdiction, shall take cognizance of all crimes committed within said penitentiary by the convicts therein confined, and said courts shall try and punish all such convicts charged with such crimes in° the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crimes in said county; * * * *Provided, further,* that all fees and costs arising from the prosecution of convicts for crimes committed in the penitentiary, which the county is now required to pay in like cases shall be paid by the State.

A bill of particulars filed by claimant in this case enumerated different amounts expended which in substance are as follows:

For guards ...........................................$1,342.33
For jurors' meals....................................   186.99
For jurors' fees.....................................   728.00
For sheriff's fees for court attendance..............    34.30
For interpreter at trial.............................     3.00
For dieting prisoners................................   161.00
Sheriff's fee allowed by statute for execution of prisoner......   100.00
For board of men employed to erect scaffold..........     2.50
Incidental expense to sheriff in connection with execution of
   Repetto ..........................................   345.02

In the last item of incidental expense to sheriff, there is included an item of $25.00 paid to W. T. Davis, Jailer of Cook County, Illinois for services rendered in connection with the execution of Repetto, which includes railroad fare and other incidental expenses.

The State admits liability in the sum of $765.30, which amount includes jurors' fees in the amount of $728.00; sheriff's fees in the amount of $34.30, and interpreter's fee in the amount of $3.00, but it denies that claimant is entitled to recover for any other items set forth in its claim.

The principal question in this case is what construction should be placed upon the statute herein above referred to. Did the Legislature intend to limit claimant to what might technically be termed 'fees' and 'costs,' or did it mean to allow claimant what might be deemed fees, costs and other actual expenses incurred in the prosecution of cases similar to the one before us.

We realize that while there are several authorities defining what is meant by fees and costs, still this particular question has not been decided by any court in Illinois so far as we are able to determine. From a careful examination of the authorities presented by both sides, we are forced to the conclusion that the Legislature when it passed the statute in question, intended to reimburse claimant, not only for the fees and costs as they might be construed under a strict construction of that term, but it also intended to include in that term reimbursement for other actual and necessary expenses incurred in the prosecution of these cases.

The item of $25.00 paid to W. T. Davis, Jailer of Cook County, Illinois, for services rendered in and about the execution of the said

Repetto does not in our opinion constitute a valid claim against the State because there was no necessity for the sheriff of Will County, to hire the said Davis. If he desired to have the said Davis assist him in this work he should pay him from the allowance he received for services of this kind.

Claimant having paid every other item enumerated in their claim, and there being no question but that it was necessary for it to lay out the different amounts in pursuance of duties imposed upon it, we feel that it should be entitled to an award in this case for the money so expended.

Claimant is accordingly awarded $2,878.74.