MILLERS' MUT. FIRE INS. CO. v. CITY OF AUSTIN. (No. 6198.)

(Court of Civil Appeals of Texas. San Antonio. March 26, 1919.)

1. APPEAL AND ERROR &#9758;837(4)—REVIEW—DEMURRER—DETERMINATION.

The sufficiency of a petition challenged by general demurrer cannot be tested on appeal by any fact in evidence before the court, but must be tested by its allegations.

2. APPEAL AND ERROR &#9758;759—ASSIGNMENTS OF ERROR—BRIEF.

Assignments of error not copied in the brief are not before the court.

3. APPEAL AND ERROR &#9758;742(3)—ASSIGNMENTS OF ERROR — PROPOSITION — STATEMENT.

Statement under assignment attempting to urge error in overruling general demurrer to petition in action by city against fire insurance company for taxes on certain property merely stating as to contents of petition that the petition alleges defendants' name to be "M. Mutual Fire Insurance Company" is insufficient under Court of Civil Appeals rule 31 (142 S. W. xiii), and will not support a proposition based on defendant being a "mutual insurance company" operating under Acts 28th Leg. c. 109, and by section 10 exempt from tax other than on gross premiums.

4. TAXATION &#9758;204(2) — STATUTES — CONSTRUCTION—EXEMPTION.

In view of Const. art. 8, § 2, forbidding exemption from · taxation except as therein specified, for a statute imposing a certain tax to be construed as commuting other taxes the commutation must clearly appear from the terms of the law, and cannot be extended by construction or implication beyond the clear import of its terms.

5. TAXATION &#9758;230—MUTUAL FIRE INSURANCE COMPANIES—GROSS PREMIUMS TAX — COMMUTATION.

Acts 28th Leg. c. 109, § 10, providing that mutual insurance companies operating under the act shall pay gross premium tax, and that "no other tax shall be required" of them, provides for an occupation tax, and not an ad valorem tax on property, and the exemption or commutation of other taxes applies alone to occupation, and not to ad valorem, taxes.

6. APPEAL AND ERROR &#9758;742(3)—ASSIGNMENTS OF ERROR—STATEMENT.

An assignment of error not being followed by a statement, reference to the petition to ascertain the allegations attacked through the special demurrer, the overruling of which is assigned as error, is not a compliance with the rule as to briefing.

7. MUNICIPAL CORPORATIONS &#9758;971(3) — TAXATION—OMITTED PROPERTY — "HERETOFORE."

Sp. Laws 1909, c. 90, amending the charter of the city of Austin and giving the city assessor authority to have any property omitted from assessment listed and assessed according to the rule of taxation of the years it was omitted, covers all omitted property, whether the omission was made before or after the passage of the law; for the word "heretofore," therein used, should be read "theretofore."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heretofore.]

8. STATUTES &#9758;189—CONSTRUCTION—LITERAL INTERPRETATION.

While the intention of the Legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of law should not be sacrificed to a literal interpretation of such words.

9. STATUTES &#9758;245 — CONSTRUCTION — TAX LAWS.

In the construction of provisions of tax laws which point out the subjects to be taxed, and indicate the time, circumstances, and man-

ner of assessment, there is no reason for peculiar and rigid rules.

**10. TAXATION ⟊362—ASSESSMENT—OMITTED PROPERTY.**

Before an assessor can place omitted property on the assessment roll, there must be a law authorizing such assessment.

**11. TAXATION ⟊195—CONSTITUTIONAL PROVISION—COMMUTATION—EXEMPTION.**

The condemnation of exemption from taxation contained in Const. art. 8, § 2, carries with it condemnation of commutation of taxes.

**12. MUNICIPAL CORPORATIONS ⟊971(3) — TAXATION—OMITTED PROPERTY—NOTICE.**

A property owner cannot complain that notice was not given him by a municipality that his property was placed on its assessment rolls for prior years as property omitted to be taxed during such years, where he does not claim that the value of the property was improperly assessed, or that any injury was suffered from the failure to give notice.

**13. CONSTITUTIONAL LAW ⟊284(2) — DUE PROCESS — TAXES—NOTICE OF PROCEEDINGS.**

Where a law imposes a tax or assessment on property according to its value, notice of every step in the tax proceedings is not necessary; the owner is not deprived of property without due process of law if he has an opportunity to question the validity or the amount of such tax or assessment either before that amount is finally determined or in subsequent proceedings for its collection.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the City of Austin against the Millers' Mutual Fire Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

E. C. Gaines, of Austin, for appellant.

J. Bouldin Rector, J. W. Maxwell, and Lightfoot, Brady & Robertson, all of Austin, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover taxes alleged to be due for the years 1904, 1905, 1906, 1909, 1910, 1911, 1912, and 1913 on certain property owned by it in the city of Austin. The court heard the cause without a jury, and rendered judgment in favor of appellee for the taxes of 1904, 1905, 1906, 1909, 1910, 1911, 1912, and 1913, declaring a lien on notes owned and deposited by appellant on the respective dates named; the total taxes for the eight years named being in the aggregate $1,867.03, with interest as therein provided.

[1-3] The first assignment of error assails the action of the court in overruling a general demurrer to the petition. It is stated in a parenthesis attached to the assignment that the second and seventh assignments of error are the same in substance as the first, and the only proposition under the assignment purports to be made also under the second and seventh assignments. Those assignments are not copied in the brief, and this court is not in position to know what they contain, and the proposition can be considered only with reference to the first assignment, which attempts an attack on the sufficiency of the petition to state a cause of action. The statement under the assignment is totally inadequate to show the allegations or want of allegations which render the petition open to attack through a general demurrer. The only facts stated are that the petition alleges appellant's name to be "Millers' Mutual Fire Insurance Company," and that appellant was incoporated and doing business under Act April 3, 1903, Twenty-Eighth Legislature of Texas, c. 109, and has paid the required tax to the commissioner of insurance. Of course, the sufficiency of the petition cannot be tested by any fact that was in evidence before the court, but must be tested by its allegations. It follows that the attack is made on the petition because the name of the appellant was stated in it, and the inference is, although not stated, that the name of appellant brings it within the class of insurance companies known as "mutual insurance companies." Instead of an attack on the petition, the only proposition under the assignment of error is a defense of the authority of the Legislature to provide a tax on gross premiums in lieu of all other taxes. It is not stated that the allegations of the petition show that appellant is endeavoring to collect taxes from a company claimed to be exempt from taxation by the city of Austin, and no attempt is made to disclose what the petition did allege except to state the name of appellant. The statement is utterly insufficient under rule 31 for Courts of Civil Appeals (142 S. W. xiii), and should not, under numerous decisions, be considered.

The brief of appellant, as hereinbefore stated, fails to name the property belonging to appellant upon which the tax was sought to be collected, and the only assignment of error that seeks to attack the authority to collect the tax because of exemption by the state is the first, which is defective and attempts to urge error in overruling the general demurrer. The statement following the assignment does not disclose any allegation whatever of the petition upon which to base the proposition that—

"The Legislature may provide a tax on the gross premiums of an insurance company which shall be in lieu of all other taxes, and such a statute will not violate the constitutional provisions against exemption of property from taxation and that all taxation shall be equal and uniform and according to value."

At the probable expense of rules, and at the risk perchance of delivering dicta, we have considered the question attempted to be raised by the assignment.

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The law relied on by appellant to exempt it from all further taxation of any character on any property, real, personal, or mixed, in the state of Texas, is section 10, Acts of 1903, p. 169, which provides:

"Each and every mutual insurance company operating under this act shall pay to the insurance commissioner annually on the 31st day of December, one-half of one per cent. of all the gross premiums received during the year, and no other tax shall be required of such mutual insurance companies, their officers and agents, except such fees shall be paid to the commissioner of insurance as is required by law."

The act of 1903 was amended in 1913, and the amendment is carried into chapter 10, Vernon's Revised Statutes, and in article 4907n of that chapter, while the taxes named are different, the same provision exists as to exemption from rurther taxes.

[4] The contention is that the words "no other tax" were intended to and do cover all taxes, occupation, ad valorem, or otherwise, and under such contention the insurance company might purchase land and erect very valuable office buildings in every city in Texas where it desired to do business, and not only would the state of Texas, but municipalities in which the property was situated, be precluded from taxing it. We cannot imagine that any such legislative intention existed, but, if it did, it would be clearly an exemption from taxation of the rankest kind, and plainly violative of the provisions of article 8, § 2, of the Constitution, which, after enumerating property which may be exempted from taxation, provides that—

"All laws exempting property from taxation, other than the property above mentioned, shall be null and void."

It has been held by a number of courts, both federal and state, that—

"Where a certain sum is specified for a certain percentage upon valuation, or upon receipts or acquisitions in any form, this is in the nature of a commutation of taxes, the state agreeing that the sum named is, under the circumstances, a fair equivalent for what· the customary taxes would be, or the fair proportion which the person bargained with ought to pay, and the power thus to commute, though liable to abuse, is undoubted." Cooley, Taxation, p. 110.

It is also held that the "commutation," to employ the tenderer term than "exemption," must clearly appear from the terms of the law, and it cannot be extended by construction or implication beyond the clear import of its terms. There must be no room for doubt or controversy. As said by the Supreme Court of the United States, in Railroad v. New Orleans, 143 U. S. 192, 12 Sup. Ct. 406, 36 L. Ed. 121:

"Exemption from taxation is never to be presumed. The Legislature itself cannot be held to have intended to surrender the taxing power, unless its intention to do so has been declared in clear and unmistakable words."

[5] The tax provided for in the law of 1903 is undoubtedly a tax allowing mutual insurance companies to pursue their business in Texas, an occupation tax, and it is not an ad valorem tax on property. A similar tax on railroad companies has been held to be an occupation tax by the Supreme Court of this state. State v. Railway, 100 Tex. 153, 97 S. W. 71; Texas Co. v. Stephens, 100 Tex. 639, 103 S. W. 481; Fire Association v. Love, 101 Tex. 376, 108 S. W. 158, 810; Life Ins. v. Love, 101 Tex. 531, 109 S. W. 863; Producers' Oil Co. v. Stephens, 44 Tex. Civ. App. 327, 99 S. W. 157. Being an occupation tax, under a strict construction of the statute, which is always applied to statutes exempting, or commuting, if such be the proper term, taxation, it must be held that the exemption applied alone to occupation taxes, and not to ad valorem taxes. The taxation of property was not in contemplation of the Legislature when the exemption from further taxation was granted, but it was confining its attention to the business before it, that of fixing an occupation tax, and providing that no further such tax should be collected by state. It has no reference to ad valorem taxes. Any other construction of the statute would render it discriminatory and unconstitutional and void.

The decision in the case of State v. Railway, 100 Tex. 153, 97 S. W. 71, herein cited, was reversed by the Supreme Court of the United States, by a five to four decision, found in 210 U. S. 217, 28 Sup. Ct. 638, 52 L. Ed. 1031, but only on the ground that the imposition of the taxes affected, and was a burden on, interstate commerce. The decision of the federal court cannot, however, have influence in this state so far as its state taxes on a state corporation doing business in this state are concerned. We do not understand that the Supreme Court of Texas, in following the doubtful opinion in the case cited, has repudiated its holding that the taxes under consideration are occupation taxes. Railway v. State, 108 Tex. 314, 192 S. W. 1054. It has never been questioned in this state that an occupation tax, as in the case of the former liquor dealer, could be levied as well as ad valorem taxes, and we are dealing with a domestic corporation.

[6] The third assignment of error is not followed by a statement. Reference to the petition to ascertain the allegations attacked through the special demurrer is not a compliance with the rules as to briefing.

[7, 8] The fourth assignment of error assails the action of the court in not sustaining a special exception to the petition on the ground that it showed that taxes had been assessed for several years back on omitted property. This court is not informed in any statement what was contained in the peti-

tion on the subject of back taxes. However, there is nothing in the petition which shows that the city did not have the authority under the charter and laws of Texas to make the assessments alleged. On the other hand, it was alleged that the property had been assessed under and by authority of the charter. The amendment to the charter of the city of Austin, passed by the Legislature on March 24, 1909, gives full authority to the assessor to have any property omitted from assessment listed and assessed according to the rule of taxation of the years it was omitted. The word "heretofore," used in section 24 of the amended charter, when construed with other portions of the statute, should be read "theretofore" instead of "heretofore." The section would then read as follows:

"If the city assessor and collector shall discover any property, real or personal, which was subject to taxation for any year *theretofore*, and which from any cause has escaped taxation, he shall require the same to be listed and assessed according to the rate of taxation levied for the year or years it was omitted, and enter the same as a supplement to his next roll, stating the year, and the taxes thereon shall be collected in the same manner as other assessments; provided, that such supplement rolls may be made at any time and reported to the city council for its approval, and any number of such rolls may be made that may be necessary." Special Laws 1909, p. 634.

The whole context indicates that the narrow construction contended for by appellant is untenable, and that the provision was intended to cover all omitted property, whether the omission was made before or after the passage of the law. The power was given the city not to impose new taxes, but to collect those that had been evaded by delinquents, and should not be construed so as to defeat the obvious purpose of the Legislature. While the intention of the Legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of law should not be sacrificed to a literal interpretation of such words. No sound reason could be offered for giving authority to assess property omitted before the act was passed and denying it as to property omitted thereafter. As said by Mr. Sutherland:

"The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by the statute." Lewis' Sutherland, Stat. Const. § 376.

In the state of Maryland a statute (Acts 1890, c. 536) was passed which required certain things of corporations chartered "since January 1, 1890"; the law being approved on April 8, 1890. It was contended that the word "since" could only mean from January 1st to the time the act became effective, but the Supreme Court of Maryland held that the word "since" should be construed to mean "after." The court said:

"What we have to do is to discover the legislative intention, and to give to it, when ascertained in accordance with established canons or rules, full and complete effect. The mere words which the Legislature may use are not always controlling." Roland Park v. State, 80 Md. 448, 31 Atl. 298.

In Nevada a law was passed that—

"All officers and members of the volunteer militia of this state, on becoming members and performing duty, must take and subscribe the following oath," etc. St. 1887, c. 102, § 2.

The statute was held to apply to those who were already members as well as to those who afterwards became members. State v. Ross, 20 Nev. 61, 14 Pac. 827. See, also, People v. Hinrichsen, 161 Ill. 223, 43 N. E. 973.

[9] In the construction of provisions of tax laws which point out the subjects to be taxed, and indicate the time, circumstances, and manner of assessment, there is no reason for peculiar and rigid rules. As said by the Supreme Court of Connecticut in Cornwall v. Todd, 38 Conn. 447, and quoted in Cooley on Taxation, p. 462:

"Statutes relating to taxes are not penal statutes, nor are they in derogation of natural rights. Although taxes are regarded by many as burdens, and many look upon them even as money arbitrarily and unjustly extorted from them by government, and hence justify themselves and quiet their consciences in resorting to questionable means for the purpose of avoiding taxation, yet, in point of fact, no money paid returns so good and valuable a consideration as money paid for taxes laid for legitimate purposes. * * * In construing statutes relating to taxes, therefore, we ought, where the language will permit, so to construe them as to give effect to the obvious intention and meaning of the Legislature, rather than to defeat that intention by a too strict adherence to the letter."

[10] Applying the general principles, as herein stated, the Supreme Court of Colorado, in construing a statute empowering the placing of omitted property on the tax rolls, held in answer to a narrow contention as to the scope of the statute:

"The purpose of the statute evidently is to prevent property from escaping taxation through oversight, omission, or mistake, and to enable the taxing officers to impose upon all property its just and equal proportion of the public burden. * * * We are of the opinion that, while the case before us does not come within the strict letter of the statute, it does come clearly within its spirit, and the court below properly so held." Aggers v. People, 20 Colo. 348, 38 Pac. 386.

So in this case a reasonable hypothesis cannot be entertained other than that it was the intention of the Legislature of Texas to give power to the assessor of the city of

Austin to not only place property that had been omitted prior to 1909 on the assessment roll, but also property that might be omitted in the future. The reason for the grant of power in the one instance could be no more cogent than in the other. There is nothing in the case of State v. Cage (Tex. Civ. App.) 176 S. W. 928, contrary to the construction placed on the statute giving power to the assessor to place omitted property on the assessment roll. We agree fully with that holding that there must be a law authorizing such assessment, and we hold there is such a law governing this case.

[11] While in federal courts, as well as other state courts, it has been held, as hereinbefore stated, that the power of commutation of taxes can be exercised even though the Constitution forbids exemption from taxation, it has been held differently in this state. Austin v. Gas Co., 69 Tex. 180, 7 S. W. 200; Altgelt v. City of San Antonio, 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 383. It is clearly held in those cases that condemnation of exemption from taxation carries with it condemnation of commutation of taxes. So, if the Legislature by the act of 1903 commuted the taxes of insurance companies, its act was unconstitutional and void so far as the commutation was concerned. However, we do not think an exemption from ad valorem taxes was contemplated. The attack made upon the two Texas decisions by appellant is not justified, because they are thoroughly in accord with reason and the state Constitution, and have several times been cited with approval. Reynolds v. McCabe, 72 Tex. 57, 12 S. W. 165; Dallas v. Railway, 95 Tex. 268, 66 S. W. 835; Barbee v. Dallas, 26 Tex. Civ. App. 573, 64 S. W. 1018. If the decisions are correct, then commutation is exemption, and no such exemption being named in the Constitution, it would be null and void. But we hold that full occupation taxes are required by the statute, and there was no effort to exempt from other taxes.

Appellant cites a number of cases from other states bearing upon the point at issue, but none of them that is accessible to this court was delivered under a statute with language similar to that in the Texas statute. In the statutes we have examined there was a specific exemption from all other taxes, naming the kind of taxes. There could be no doubt as to what was meant by the Legislature in those cases. Even in the Oklahoma case of In re Wolverine Oil Co., 53 Okl. 24, 154 Pac. 362, L. R. A. 1916F, 141, so confidently relied on by appellant, who says that the statute provided for a tax "in lieu of all other taxes," the Supreme Court of Oklahoma held the statute provided "that the payment of the gross production tax shall be in lieu of any other tax that might be levied * * * on said property upon an ad valorem basis." The difference is apparent. So

it is in the other cases examined by this court. In all the cases it is also stated that the acts of the Legislature were sustained because they levied taxes appearing to be a fair equivalent for the customary taxes. People v. Coleman, 121 N. Y. 542, 25 N. E. 51; State v. Ill. Central R. Co., 246 Ill. 188, 92 N. E. 814; Gas Co. v. Roberts, 168 Cal. 420, 143 Pac. 700; Bank v. Worrell, 67 Miss. 47, 7 South. 219.

If the theory of appellant, as expressed through the fifth and tenth assignments of error, was the law, all property held by a trustee, although the beneficiaries were numbered by the hundreds, would have to be assessed in perhaps infinitesimal portions to the beneficiaries. No authority is offered for the proposition, except articles 4909, 4910, 4912, 4913, Rev. Stats., which were long since repealed, and could not have had any bearing on the point presented when in full force and effect. Judge Cooley, in his work on Taxation (3d Ed.) p. 660, says:

"In general, personal property in the hands of a trustee is to be assessed to him at the place of his domicile."

The principle is recognized that the property can be assessed as against the trustee. To the same effect is Perry on Trusts, §§ 331–527.

[12, 13] The sixth and eleventh assignments of errors are not supported by a statement sufficient to call for consideration. If the exception of which mention is made was ever considered and passed upon by the trial court, the statement fails to reveal it. We are not called upon to search the record to supplement the statement. However, the tenth assignment is as to a finding by the court to the effect that notice was not given to appellant by appellee that the property was placed on the assessment rolls, and that would probably be sufficient. It is not claimed that the value of the property was improperly assessed or that any injury was suffered from the failure to give notice. Appellant has no cause for complaint on account of lack of notice. As said by Cooley (page 60):

"Where a law imposes a tax or assessment upon property according to its value, notice of every step in the tax proceedings is not necessary; the owner is not deprived of property without due process of law if he has an opportunity to question the validity or the amount of such tax or assessment either before that amount is finally determined or in subsequent proceedings for its collection."

The text is supported by numerous decisions and also by other text-writers. Gray, Lim. Tax Power, §§ 1157 to 1162.

We have considered every point presented by the brief of appellant, and, finding no error requiring a reversal, the judgment is affirmed.