**UNITED STATES v. 120,000 ACRES OF LAND et al.**

**Civ. No. 51.**

District Court, N. D. Texas, at Dallas.

July 23, 1943.

J. Edward Johnson, of Brownwood, Tex., and A. W. Christian, of Fort Worth, Tex., Sp. Asst. U. S. Attys., for the motion.

L. P. Lollar and Chester E. Ollison, Asst. Attys. Gen., for Texas, and Sterling Holloway, of Fort Worth, Tex., for property owner.

ATWELL, District Judge.

This suit pends at the San Angelo division. It is for the condemnation of 120,000 acres of land vested in something under four hundred persons, the ultimate fixing of just compensation, and was filed in August, 1942. Payments of about two millon dollars have already been made, and probably that amount yet remains to be paid.

During the progress of the ascertainment of just compensation for the various tracts, taken in Brown and Mills Counties, which comprise the entire holdings at Camp Bowie, the state legislature enacted a statute exempting such lands from certain state and county taxes for 1943. Acts 1943, c. 82, Vernon's Ann.Civ.St.Tex. art. 7219 note. Since moneys were being paid from time to time to such owners, and since, prior to said state Act, checks also went for the indebtedness of such owners to the respective tax collectors, for 1942 and back years, if any due, and since such legislation authorizes the payment to the owners without the deduction of state and county taxes for 1943, it appeared wise to the United States Attorney General to have an order from the court as to the constitutionality of H.B. 635, of the state Act.

Upon presentment of that motion, I issued a rule directed to The Honorable, the Governor of Texas, and The Honorable, the Attorney General of Texas, and to the tax collectors of both Brown and Mills Counties, to show cause, if either of them had any, why such an expression should not be entered. The two collectors have filed answers, stating they shall not levy nor attempt to collect 1943 taxes, but will follow the Act. The state Attorney Gen-

eral has rendered an opinion holding the state Act valid but he thinks this motion should be dismissed. The comptroller, also represented, has the same thought.

█ I am not at all sure that there is any authority for this procedure. It is certainly not a declaratory judgment effort, because there is no controversy. Sec. 400, Title 28 U.S.C.A. So far as the court has been advised, no one takes the position that the Act is unconstitutional.

There is no suggestion now that the Act is other than constitutional. The legislature seems to have complied with the ordinary requirements of the state constitution with respect to its passage and the state has, from time to time, recognized the sovereignty of the national government over properties acquired in Texas, and has, generally, exempted such properties from state and county taxes. My attention has been called to no holding that Acts of that sort by the state sovereignty are outside of state constitutional authority.

Since 1905 there has been a state statute, Article 5242, Vernon's Civil 1936 State Statutes, which authorizes the United States to occupy and possess lands within the state, as sites on which to erect and maintain light-houses, forts, military stations, magazines, arsenals, dock-yards, post offices, and all other needful public buildings, and the consent of the legislature is given therein for any such purchase or acquisition. Condemnation is authorized in the succeeding Article. Immediate occupancy is provided for.

In article 5247, federal jurisdiction over such lands may be authorized by the governor, the state retaining concurrent jurisdiction, so far as the service of process is concerned.

Article 5248 provides that lands so acquired shall be exempt from taxation under the authority of the state. That Article dates back to 1871.

The creation of a military camp, undertaken under present condemnation, may not be said to be precisely covered by the words above quoted from Article 5242, but the purposes are national and in the same general direction, and one can hardly say that its words do not cover the transaction.

Section 2 of Article 8 of the state constitution, Vernon's Ann.St., exempts "from taxation public property used for public purposes." That same section announces that "all laws exempting property from taxation other than the property above mentioned shall be null and void."

█ In 111 Tex. 108, 229 S.W. 845, Corporation of San Felipe v. State, it was held that the test under the constitution is whether it is devoted to a public use. Other cases dealing with school, religious and other quasi public purpose property are: Trinity Methodist v. City of San Antonio, Tex.Civ.App., 201 S.W. 669; City of San Antonio v. Y. M. C. A., Tex.Civ. App., 285 S.W. 844; Cassiano v. Ursuline Academy, 64 Tex. 673; Red v. Morris, 72 Tex. 554, 10 S.W. 681; St. Edwards College v. Morris, 82 Tex. 1, 7 S.W. 512; Edmonds v. San Antonio, 14 Tex.Civ.App. 155, 36 S.W. 495; Morris v. Lone Star Chapter, 68 Tex. 698, 5 S.W. 519; Barbee v. City of Dallas, 26 Tex.Civ.App. 571, 64 S.W. 1018; Scott v. All Saints Hospital, Tex.Civ.App., 203 S.W. 146; Concho Camp W. O. W. v. San Angelo, Tex.Civ. App., 231 S.W. 1106; City of Houston v. Scottish Rite, Tex.Civ.App., 233 S.W. 551; Santa Rosa v. San Antonio, Tex.Com.App., 259 S.W. 926. See also Sec. 10 of Article 8 of the State Constitution.

█ The United States took over these lands for war purposes by order of this court, in August of 1942, and the owners were deprived of the property. It vested in the United States. The former owners had nothing to assess on January 1, 1943, and no tax lien was fixed, nor can any for that year be fixed. Nor is the United States suing the state, though it would have a right to do so without permission if it were necessary to dispose of the funds that are in this court for payment to the citizens, for such property. United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567; United States v. Ladley, D.C., 51 F.2d 756; Sec. 41, Title 28 U.S.C.A.; United States v. Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285.

I see no objection to the United States Attorney placing in orders which authorize the payment of funds hereafter, a statement to the effect that there are no state and county taxes due for the years so exempted by the state legislature.